STATE OF OREGON, Respondent, *v.* J. B. SPORES, Appellant.

Receiving Verdict.—It is error to receive the verdict of a jury in the absence of the defendant where the crime charged is a felony.

Appeal from Douglas County.

The facts are stated in the opinion of the Court.

*John Kelsay, J. F. Watson and W. R. Willis,* for Appellant.

*John Burnett and R. S. Strahan,* for Respondent.

By the Court, Prim, C. J.:

Appellant was indicted for the crime of willfully and knowingly altering and defacing the artificial earmarks of sheep, the property of another, and converting them to his own use, under ¿ 556 of the Criminal Code. The jury returned a verdict of guilty as charged in the indictment. When the verdict of the jury was returned into Court the defendant was not present and was not called. It was received by the Court and ordered to be entered of record in the absence of defendant and the jury discharged. He was on bail at the time and had been present during the trial up to that time. Two days afterwards, when he was called up for sentence, and asked by the Court if he had anything to say why the sentence of the law should not be passed upon him, he replied that he objected on the ground that the verdict of the jury was received by the Court when he was not personally present. Notwithstanding the objection, the Court proceeded to sentence him to imprisonment in the penitentiary for one year, to which his counsel then and there excepted.

The only question presented by this appeal is whether it was error in the Court below to receive the verdict of the jury without the defendant being personally present. Section 144 of the Criminal Code provides that "if the indictment be for a misdemeanor, the trial may be had in the absence of the defendant, if he appear by counsel; but if

it be for felony, he must be present in *person.*" There are other sections, one of which provides that he must be present at the arraignment and at the time of sentence.

As the crime for which appellant was convicted was a felony under the Criminal Code, it is admitted by counsel for the State that he must be present at the trial; but it is insisted by them that the receiving of the verdict is no part of the trial. Then the question must turn upon the point whether the receiving of the verdict is a part of the trial, or does the trial end when the Court submits the case to the jury for verdict?

Section 175 of the Civil Code defines a trial to be "the judicial examination of the issues of fact between the parties." Burrell's Law Dictionary defines a trial to be "the examination and decision of an issue of fact by the jury under the supervision of the Court." Stephens on Pleadings, 76, calls it the "*decision* of an issue of fact." 3 Bl. Com., page 330, says: "Trial has been long used to express the investigation and decision of fact only." The Code further provides that the defendant may be present when the verdict is returned, and may poll the jury by asking each one of them as his name is called whether that is his verdict.

Then we conclude that the "trial" not only includes the examination of the issues of fact between the State and defendant, but that it includes the decision of those issues of fact also, which decision is made known by the announcement of the verdict of the jury; and as appellant was prevented from exercising the right which the law gives him of polling the jury, we hold that it was error in the Court below to receive the verdict in his absence.

Therefore the judgment of the Court below is reversed, and a new trial awarded the appellant.