# FOREDICE v. RINEHART.

REPLEVIN—DESCRIPTION OF PROPERTY.—A complaint in replevin must describe the property claimed with reasonable certainty, although the strict rule of practice which formerly prevailed on this subject has been greatly relaxed.

IDEM.—Where no steps are taken by filing an affidavit and bond to secure the return of property unlawfully taken and withheld, and the same remains in the possession of the defendant, upon verdict and judgment for the return of the same, or value, he has no reason for objecting to the indefiniteness of description, as in no event, could he have any writ to the due execution of which a more minute description would be necessary.

APPEAL from Union County.

*Bonham & Ramsey*, for appellant.

*J. A. Stratton*, for respondent.

By the Court, LORD, J.:

This was an action of replevin to recover a certain quantity of flour, which the plaintiff alleges the defendant wrongfully and unlawfully took from his possession, and still unlawfully withholds from him. The answer denies these facts, and upon issue being joined, the trial resulted in a verdict in favor of the plaintiff, upon which the court rendered judgment for the plaintiff "for the return of 16 2-15

barrels of flour in sacks, the property described in the complaint, and in the event that said 16 2-15 barrels of flour cannot be found, that the plaintiff have judgment for the value thereof, to-wit.: the sum of $121, &c." The defendant moved for judgment *non obstante*, which being overruled, the cause comes to this court on appeal. It appears by the record in this case that no steps were taken to secure the immediate delivery of the property by making the affidavit and giving the undertaking required for that purpose. (Or. Code, secs. 130–133.) We must conclude, therefore, upon the finding of the jury and the judgment of the court upon the record certified to us, that the defendant retained the possession of the property found to have been wrongfully taken from the plaintiff. The principal objection is as to the sufficiency of the description of the property. It will only be necessary to refer to this briefly, for reasons which hereafter will appear manifest. There can be no doubt but that an exceedingly strict rule of practice formerly prevailed in regard to the description of property in replevin, but of late years the stringency of this rule has been much relaxed. (*Rood* v. *Woodruff*, 6 Hill, 418; *Farwell* v. *Fox*, 18 Mich., 169.) The description goes to the identification of the thing—the property claimed—and when that is done with reasonable certainty, this object is accomplished, and the purpose of the law subserved. Whatever goes beyond this, would seem to be needlessly stringent, and subserve no good purpose. Now the flour in question is described as in sacks, a part of which was branded with Caveniss & Sterling's brand of Island City Mills, and the other marked with a brand of the mill at Weston, and considering the nature of the subject to be described, there would seem to be in the description as reasonable a degree of certainty as the nature of the subject

will admit of. But it is said that there ought to be such a description of the property as would enable the officer with his writ alone to distinguish it from other property of the same kind; but in *Warner* v. *Angenbaugh*, 15 Sergh. & R., 11, the court say: "that officer is not obliged to execute the writ unless somebody attend to point out the things he is to deliver." (2 Saund, 74, A note 1.) Nor in practice is he usually expected to do this, but the plaintiff or some one on his behalf points out the goods or property which has been taken from him, and to which his affidavit or judgment relates. (*Farwell* v. *Fox*, 18 Mich., 169; *Warner* v. *Angenbaugh*, 15 S. & R., 11; *Ruch* v. *Morris*, 28 Penn. St., 249.) "Barrels of flour" may be a proper description of flour in bags, because the common usage of trade in many parts of the country warrants it." (Wells on Replevin, sec. 180.) In *Fox* v. *Farwell*, *supra*, the action was in replevin for six oxen, and the writ and declaration described them as "six oxen," and the same objection was interposed as here, but the court held the declaration sufficient. So, too, in *Onstatt* v. *Ream*, 30 Ind., 260, where the description in the complaint was of "one white shoat" and a motion was made to set aside the cause of action because the description was not specific enough, and the court held the complaint good and the description of the property sufficiently definite. But it is hardly necessary to go further into an examination of the authorities to show that there is no fault in the complaint. The fact is, the defendant is in no position to interpose this objection, when the record shows him to have retained the possession of the very property for which this action is brought. In *Ruch* v. *Morris*, *supra*, the court say: "A declaration in replevin must be certain to a general extent, and the reason of the rule is that the sheriff may know, with reasonable certainty, when

a *retorns habendo* comes to be executed what he is to deliver, though he is entitled upon such writ to have the assistance of the defendant to point out the goods. But where the defendant interposes a claim property bond and keeps the goods, he has not only individuated them, but he has no reason for objecting to indefiniteness of description. Whatever may be the result of the suit, it can give him no writ to the due execution of which a more minute description would be necessary. He has got the specific property, and minuteness of description thenceforth is important only to the plaintiff and not to him. If, therefore, the declaration was faulty in the particular alleged, the defendant is not in a position to take advantage of it." But we do not think the complaint is defective, and even if it was, after verdict and judgment when the defendant has retained the property, he is not in a position to urge the objection—he has got the property, and the plaintiff a judgment for it or its value.

Judgment must be affirmed.