Argued January 6, affirmed January 25, 1967

# LENAHAN *v.* LEACH
422 P. 2d 683

*Robert J. Morgan,* Milwaukie, argued the cause for appellant. With him on the brief were J. Gary McClain and Erlandson & Morgan, Milwaukie.

*Thomas F. Levak,* Portland, argued the cause for respondent. With him on the brief were Richard R. Carney and Robert C. Snashall, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an action at law to secure the possession of a policy of life insurance in the amount of $1,000. Plaintiff claimed to be the beneficiary of the policy which was issued on the life of her mother. In the alternative, plaintiff seeks damages in the sum of $1,000. The case was tried to the court without a jury and defendant has appealed from a judgment in favor of plaintiff for $1,000. Defendant was the plaintiff's stepfather.

The plaintiff testified that several years prior to her mother's death her mother told her that she had a $1,000 life insurance policy in which plaintiff was named as beneficiary. Her mother said that in case of

her death the money was to be used to help send plaintiff's young daughter to college. Plaintiff's sister also testified that her mother expressed an intention to make plaintiff the beneficiary of the policy. The sister said she called the company for her mother to direct it to send forms to her mother for a change of beneficiary to the plaintiff. The sister also occasionally mailed premiums for her mother. Neither plaintiff nor her sister knew the name of the company which issued the policy. The sister could not recall the company she had called for her mother or to which company the premiums were addressed. Plaintiff had never known the name of the company. The discussions relative to a change of beneficiary were brought about because of the mother's divorce from the person who had been the original beneficiary. The mother subsequently married the defendant.

After the mother's death defendant sent a letter to plaintiff stating as follows:

> "I looked at the insurance policy of mother's for one thousand dollars, and I find your name also on the policy. I thought the amount shown on the policy would pay for her burial which I think we all arranged for her, and I am sure it was as she would have wanted.
>
> "But I will have to have a letter of approval from you signed by you and a witness (sic) signature and a Notary Republic (sic) stamp on the letter so I can send it to the insurance company with a copy of the death certificate and the original insurance policy and number of the policy."
>
> \*   \*   \*   \*   \*

Upon receipt of the letter plaintiff's husband made a long-distance telephone call to defendant asking for the policy. It was never furnished or shown to plaintiff.

Defendant testified that prior to his wife's death she told him she wanted to make him the beneficiary of the policy because he had purchased a crypt for her. He said he was made the beneficiary and plaintiff, at his request, was made an alternate or secondary beneficiary. He stated that he thereafter sent the policy with the death certificate to the insurance company to collect the proceeds, that this was the last he had seen of the policy, that he had neither heard from the insurance company nor received any proceeds, that he neither remembered the name of the company nor did he have any idea where the policy was or who had its possession.

██ Defendant first claims that plaintfif did not carry her burden of proof because the evidence did not sufficiently describe or identify the specific policy for which the action was brought. The proof of identity was sufficient. The defendant by his letter admitted that he was in possession of a $1,000 insurance policy on the life of plaintiff's mother in which plaintiff was named as a beneficiary and which required plaintiff's signature to collect on the policy. It is true, there was no evidence of the company in which the policy was issued. However, defendant is in no position to complain because he had within his knowledge at the time plaintiff requested the policy the information which plaintiff failed to produce. He knew the specific policy demanded. As long as the description is sufficient to inform defendant as to exactly what is sought, the law is satisfied. When a somewhat similar issue was before this court in *Foredice v. Rinehart,* 11 Or 208, 8 P 285 (1883), this court said as follows:

> "The fact is, the defendant is in no position to interpose this objection (i.e. the uncertainty of the description), when the record shows him to have

retained the possession of the very property for which this action is brought. * * * 'He has got the specific property, and minuteness of description thenceforth is important only to the plaintiff and not to him. If, therefore, the declaration was faulty in the particular alleged, the defendant is not in a position to take advantage of it.'"

■■ Defendant next charges as error the admission of the testimony of plaintiff and her sister concerning the conversations with their mother. Defendant claims it was inadmissible hearsay. If it was, the law presumes, when there is no jury, that the court ignored the inadmissible evidence unless there is a showing that the court relied upon it in making a decision. *Bakkensen v. John Hancock M. Life Ins. Co.,* 222 Or 484, 494, 353 P2d 558 (1960); *Brackett, exec., v. U. S. Nat. Bank,* 185 Or 642, 654, 205 P2d 167 (1949); *Menefee v. Blitz,* 181 Or 100, 131, 179 P2d 550 (1947). There is no such showing here.

■ There was sufficient other evidence to sustain the judgment. In view of defendant's implausible story concerning the disposition of the policy and his claimed lack of knowledge of the company which issued it, the court could have disbelieved that his name, as well as plaintiff's, was also on the policy which he admitted existed.

The judgment of the trial court is affirmed.