Argued January 26, reversed and remanded February 26, 1970

STATE OF OREGON, *Respondent, v.*
ROGER SHIRLEY, *Appellant.*

465 P. 2d 743

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was tried without a jury for the felony of illegal sale of narcotics. ORS 474.020. He was convicted by the court.

The defendant had previously been tried to the court and convicted for the same offense in a different department of the circuit court. Following that conviction a presentence report was ordered by that court. In due course it was received and the defendant sentenced pursuant thereto for an indeterminate period not exceeding three years.

On the appeal from that conviction, the state stipulated that reversible error had occurred, and the matter was thereupon remanded for a new trial. Since defendant again waived a jury, it was correctly assigned to a different judge. At the second trial the defendant was again convicted and was placed on probation for two years. This appeal is from the second trial.

When the state rested, defendant made a motion for judgment of acquittal. After extended argument the court said:

"I will rule on your motion then tomorrow morning."

The following day the court, after giving its oral opinion on the merits of the motion, denied it.

The defendant immediately rested and moved for a directed verdict. The court denied that motion, and then called for arguments. Both counsel waived. Immediately thereafter, the following occurred:

"[THE COURT:] The Court finds the defendant guilty.

"Do the parties wish to waive time in which to be sentenced? *I sent down and got a copy of the pre-sentence report that Judge \* \* \* had previously ordered.*

"MR. HOWLETT: Yes, Your Honor, I wonder if we could—is the Court free on Monday morning at 9:00?

"THE COURT: Yes. Free on Monday. Would you like it continued for sentencing until then?

"MR. HOWLETT: I would, Your Honor.

"THE COURT: All right. Fine. 9:00 o'clock on Monday.

"MR. HOWLETT: Fine.

"THE COURT: All right. May I ask a question, Mr. Howlett?

"MR. HOWLETT: Yes, Your Honor.

"THE COURT: *I read the pre-sentence report.* As I stated, I received it from Judge   *   *   *. That takes it up to August, I believe, of last year. I think that's about it, August. Can you tell me anything about the defendant? Do you have a few minutes now?" (Emphasis supplied.)

The court then heard from counsel for defendant concerning his social history subsequent to the pre-sentence report. The following then occurred:

"THE COURT: Why don't you waive time to be sentenced?

"MR. HOWLETT: I'm sure he will waive right now.

"THE COURT: All right. Do you waive time in which to be sentenced?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that you do have two days or 48 hours, whichever the statute says, in which to be sentenced, but you waive time?

"THE DEFENDANT: Yes, sir."

The court immediately placed defendant on two years' probation and at the same time gave its permission for him to get married. Thus, the proceedings were concluded. We note that there was no recess of the court from the time it assumed the bench prior to ruling on the motion for judgment of acquittal at 9:30 a.m. until final judgment was imposed.

The assignment of error in this connection is that the trial court erred in examining the presentence report before it made its finding of guilt or innocence.

The basic question which is here involved is the right of the defendant to be personally present during the trial. In *State v. Chandler et al,* 128 Or 204, 274 P 303 (1929), the court said:

"If there is anything fundamental and well established in criminal procedure it is the right of an accused person, on a felony charge, to be present during all of the trial. The statute, Section 1512, Or. L., in mandatory language provides: 'If it be a felony he must be present in person.' * * *" 128 Or at 208.

In *State of Oregon v. Spores,* 4 Or 198 (1871), the Supreme Court said:

"* * * 'Trial has been long used to express the investigation and decision of fact only.' * * *
"* * * [W]e conclude that *the 'trial'* not only includes the examination of the issues of fact between the State and defendant, but that it *includes the decision of those issues of fact also, which decision is made known by the announcement of the verdict * * *.*" (Emphasis supplied.) 4 Or at 199.

In *Commonwealth v. Johnson, Appellant,* 348 Pa 349, 35 A2d 312 (1944), a defendant had pleaded guilty to the murder of a fellow prisoner within the penitentiary. Under a Pennsylvania statute a three-judge court sitting in banc had the duty to determine both the degree of murder and the sentence to be imposed.

The appellate court said:

"The record also discloses that before this formal adjudication the court received a large amount of information about the defendant's criminal record. Some of this was of a documentary character and some of it was oral. In the remarks made by Judge SLOANE before he imposed sentence he said, inter alia, 'We talked with Warden

Smith, of the Penitentiary, Dr. Baldi, of the County Prison, and the parole officer of the Penitentiary. No one has a good word for him—he is troublesome and dangerous. We got and examined the penitentiary report of his misconduct in prison; it is not a good one. * * *" 348 Pa at 351.

After a careful review of the problem, the Pennsylvania Supreme Court concluded:

"We are reversing this judgment not because ex parte testimony was received by the court before it determined the sentence; we are reversing the judgment *because the record does not show affirmatively that no ex parte evidence was received by the court before it determined and declared the degree of the defendant's guilt of murder.*" 348 Pa at 353.

Here the record affirmatively shows that the trial court both received and read the presentence report prior to the time it ruled on the motion for judgment of acquittal, let alone announced its verdict. The record is silent as to whether or not it considered it.

█ It is no less improper, we think, for the court, as the trier of fact, to examine a presentence report or comparable social history concerning a defendant prior to the rendition of its verdict, than to permit such a report to accompany a jury to the jury room during its deliberations.

The Supreme Court of the United States recently considered the rationale underlying this matter in a case involving Rule 32 of the Federal Rules of Criminal Procedure.

In a unanimous opinion in *Gregg v. United States,* 394 US 489, 89 S Ct 1134, 22 L Ed 2d 442 (1969), it stated:

"Rule 32 is explicit. It asserts that the 'report

shall not be submitted to the court . . . unless ·the defendant has pleaded guilty or has been found guilty.' This language clearly permits the preparation of a presentence report before guilty plea or conviction but it is equally clear that the report must not, under any circumstances, be 'submitted to the court' before the defendant pleads guilty or is convicted. Submission of the report to the court before that point constitutes error of the clearest kind.

"Moreover, the rule must not be taken lightly. Presentence reports are documents which the rule does not make available to the defendant as a matter of right. There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. To permit the *ex parte* introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing possible prejudice from premature submission of the presentence report. No trial judge, therefore, should examine the report while the jury is deliberating since he may be called upon to give further instructions or answer inquiries from the jury, in which event there would be the possibility of prejudice which Rule 32 intended to avoid. Although the judge may have that information at his disposal in order to give a defendant a sentence suited to his particular character and potential for rehabilitation, there is no reason for him to see the document until the occasion to sentence arises, and under the rule he must not do so." 394 US at 491-92.

Examination of the Oregon statutes reveals, we believe, a similar legislative intent.

ORS 137.080 limits the power of the court to hear or consider facts "in aggravation or mitigation of the

punishment" to the period *after* a plea or verdict of guilty. ORS 137.090, as amended in 1965, allows the court to consider a presentence report prepared pursuant to ORS 137.530 in addition to matters heard under ORS 137.080 and ORS 137.090. This is the sole exception to the mandate of ORS 137.110, requiring all these matters to be heard in open court.

In 1964 our Supreme Court in *State v. Scott*, 237 Or 390, 390 P2d 328 (1964), analyzed the foregoing sections at length and concluded that ORS 137.530 amended ORS 137.110 by implication so that the trial court could consider reports made under ORS 137.530. In Oregon Laws 1965, ch 400, the legislature amended ORS 137.090 by expressly so providing, thus approving the view adopted in *State v. Scott*, supra.

■ We think that the 1965 amendment of ORS 137.090, thus examined, makes it clear that the right of the court on its own motion to order or consider a presentence report does not arise until "after a plea or verdict of guilty," as provided in ORS 137.080.

■ The state urges we should presume that the trial judge did not examine the presentence report prior to announcing its verdict. The record, however, is clearly to the contrary. Next the state strongly urges that even though the court did read it, we should presume that it did not consider it and thus was not prejudiced by it, citing *State v. Voshell*, 247 Or 534, 430 P2d 1010 (1967); and *Lenahan v. Leach*, 245 Or 496, 422 P2d 683 (1967), as authority therefor.

These cases, however, dealt only with inadmissible evidence which came to the court's attention in open court—in the presence of the defendant and his counsel in *Voshell*, which concerned a plea of guilty, subsequently withdrawn—and in *Lenahan*, the receipt

by the court during a civil nonjury trial, in the presence of both parties and counsel, of evidence which the court treated as inadmissible hearsay.

Here we are concerned with the right of a defendant to be personally present during the trial of a felony case. No such right was involved in those cases.

■ Finally, respondent contends that since no motion for a mistrial or other objection was made by defendant at the time, we cannot consider it here.

Examination of the record as set out above shows that the court, when it revealed it had read the presentence report, was already embarked upon and proceeded forthwith to go forward with the sentencing process. Defendant, who had only just heard the verdict of "guilty," could not be expected to understand the complexities of law inherent in such a problem, and counsel had no opportunity to discuss it with him. Both defendant and counsel might well wonder, at such a critical juncture in defendant's life, the wisdom of suggesting to the judge, who was about to sentence him, that the court's own actions warranted a mistrial. Furthermore, there was no way at that moment for counsel to know what the presentence report revealed. The defendant may have appeared therein as paragon or villain, for aught that counsel then knew.

■ The right of a defendant in a felony case to be present throughout the trial, as we have pointed out, is basic. There is no merit to the state's contention that an *ex post facto* waiver of this right by the defendant, if permitted at all, can be implied by the failure to move for a mistrial when in the midst of the sentencing process it is first brought to the defendant's attention.

■ Since the case must be retried, we consider briefly the other assignment of error. In the trial a challenge was made to the sufficiency of the identification of a packet of marihuana.

In *State v. Anderson,* 242 Or 368, 409 P2d 681 (1966), the Supreme Court stated:

> "It may be conceded that, ordinarily, when an object is taken from the defendant for the purpose of testing and passes through the hands of several persons a foundation for its admission into evidence must be laid by the testimony of each person who had possession or custody of the article: 2 Wharton's Criminal Evidence (12th ed) 586, § 665. But this is not an inexorable rule of law and the ultimate question always is whether the proof shows with reasonable certainty that the article offered is the identical article taken from the accused. That question is addressed in the first instance to the sound discretion of the trial judge." 242 Or at 374.

We have reviewed the record and hold that the trial judge did not under that rule abuse his discretion in receiving the exhibit. Once received thereunder, the weight to be accorded to it was a question of fact for the court as the trier of fact to determine. *Gresham v. State,* 456 P2d 119 (Okla Cr 1969).

For the reasons stated, the judgment must be reversed and a new trial ordered. It is so ordered.

Reversed and remanded for new trial.