Argued January 20, affirmed March 12, 1970

# STATE OF OREGON, *Respondent, v.*
# DONALD LEROY CARNATHAN,
## *Appellant.*
465 P2d 899

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was tried and convicted by a jury in the district court of the offense of driving a motor vehicle while under the influence of intoxicating liquor. He appealed to the circuit court. There he waived a jury, was tried to, and convicted by, the court.. He appeals, asserting as error the receipt into evidence by the court of a tape recording solely because it included the refusal of the defendant to answer certain of the questions asked of him by the officer. The recording in question was made on the spot by the officer with his personal equipment during his on-the-scene investigation of the situation and prior to the arrest of the defendant.

In *Lenahan v. Leach*, 245 Or 496, 422 P2d 683 (1967), the Supreme Court stated:

"* * * [T]he law presumes, when there is no jury, that the court ignored the inadmissible evidence unless there is a showing that the court relied upon it in making a decision. * * *" 245 Or at 500.

The transcript reveals that when the objection was first made the court stated:

"* * * So far as this court is concerned, * * * this court realizes that the defendant has every right not to answer any question or all questions and that this court is not going to be prejudiced against the defendant in any way by the fact that he did not answer certain questions. I think this court is able to take that into consideration and wipe that out of his mind and listen to only the portions that are actual answers and therefore I do not feel that the fact that there are certain refusals to answer on this tape renders the entire tape inadmissible. * * *"

This assignment of error is without merit.

The second assignment of error is that the court erred in not granting a mistrial when the tape was played "wherein the defendant refused to answer questions of the arresting officer." No new issue is presented. The court correctly denied the motion.

The judgment is affirmed.