Argued February 17, affirmed March 25, 1971

LASCO LAVAUN HURT, *Respondent-Cross-Appellant, v.* CUPP, *Appellant.*

482 P2d 759

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Ken C. Hadley,* Deputy Public Defender, Salem,

argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

This is an appeal by the defendant-warden in a suit for post-conviction relief. After a hearing the post-conviction court vacated petitioner's conviction for sodomy and for contributing to the delinquency of a minor, and ordered petitioner remanded for a new trial on the sodomy charge. The appeal does not challenge the vacation of the conviction for contributing to the delinquency of a minor.

The question presented here is whether a defendant in a criminal case is denied his constitutional right to confrontation when the court, trying the case without a jury, intentionally views, without the knowledge or consent of the defendant, irrelevant and prejudicial material not offered in evidence by either party before determining the guilt or innocence of the defendant.

The petitioner, Hurt, had previously been tried, convicted and sentenced to 20 years in prison for the crime of rape upon his wife's daughter. While free on appeal bond he allegedly committed sodomy upon a 15-year-old daughter of his wife and this gave rise to the case at hand. The trial judge found him guilty and sentenced him to 10 years on the sodomy charge and five years on the contributing charge, both sentences to run concurrently with the sentence previously imposed as a result of the rape conviction. The petition for post-conviction relief alleged that during the course of the trial and while the petitioner's counsel

was out of the courtroom the trial judge requested and was given an envelope containing 33 photographs which had not been offered in evidence and which he then proceeded to view. These photographs showed the petitioner, his wife, his stepdaughters and stepson in the nude and in various sexual poses.

The petition for post-conviction relief also alleges that during the course of the trial, the trial judge saw the pre-sentence report which had been submitted to the judge (not the judge who tried the case at hand) who presided over petitioner's earlier trial for rape.

The post-conviction judge, after taking testimony, including testimony of the trial judge, in giving his oral opinion in the presence of the petitioner, stated:

> "* * * [I]t becomes apparent that the judge [the trial judge] did, at some point during the trial of this case and before your guilt or innocence was determined—see① a presentence report from your earlier trial [the trial for rape]. It's pretty clearly borne out by the transcript * * *."

■ The defendant-warden contends that the review of the report was at most harmless error, pointing to testimony of the trial judge, uncontroverted by any other testimony, to the effect that he did not rely upon any information contained in the pre-sentence report in arriving at his finding of guilt.② The defendant cites numerous cases standing for the proposition that the hearing or seeing of inadmissible evidence by a

---

① The record discloses that the post-conviction judge here used "see" as synonymous of "read."

② The record is not clear as to how the trial judge got the report. At one point he testified, "* * * I probably just told my clerk to secure a copy of that report * * *."

trial judge sitting as trier of fact is not per se preju-
dicial error. Such instances are relatively common-
place. For example, in the course of a trial a judge is
not infrequently called upon to rule upon the admis-
sibility of evidence. He may have to see or hear the
evidence in order to rule intelligently on its admis-
sibility. In such a case, in the absence of evidence to
the contrary, we presume that the judge, in the course
of performing his official duty, will not consider that
evidence, if inadmissible, when making his decision.
There is a logical basis for invoking this presumption
when the prejudicial material comes to the judge's at-
tention in the course of the proper exercise of his
judicial function. Logic dictates a contrary presump-
tion when a judge obtains prejudicial information by
his affirmative extra-judicial action taken in the ab-
sence and without the knowledge of the parties.

In *United States v. Hamrick*, 293 F2d 468 (4th
Cir 1961), a trial judge sitting without a jury reopened
the trial and heard the testimony of a witness in the
absence of the defendant. The appellate court said:

"* * * No authority need be cited in support
of our conclusion that the admission of testimony
in the absence of the defendant was a direct viola-
tion of his right to be confronted with the wit-
nesses against him as guaranteed by the Sixth
Amendment to the Constitution of the United States
* * *." 293 F2d at 470.

The situation here is similar to that in *State v.
Shirley*, 1 Or App 635, 465 P2d 743 (1970). *Shirley* was
a direct appeal, and, although not expressly so stated,
turned on ORS 136.040.[9] In that case the trial judge

---

[9] ORS 136.040 provides:

"If the indictment is for a misdemeanor, the trial may be
had in the absence of the defendant if he appears by
counsel; but if it is for a felony, he shall appear in person."

sitting as trier of fact, without the knowledge of defendant or his counsel, sent for and read a pre-sentence report made in connection with a prior conviction. Because the trial judge did this prior to finding the defendant guilty, we reversed, even though the trial judge announced to the parties what he had done.

The defendant-warden argues that *Shirley* is distinguishable, because in *Shirley*, unlike here, the trial judge did not say that he had not considered the pre-sentence report in arriving at his judgment. We do not believe that the testimony of the trial judge concerning his memory of what considerations were in his mind in reaching judgment a year earlier was sufficient to overcome the presumption of prejudice.[4]

We cannot say that the evidence properly received was so overwhelming that no reasonable man would have found the petitioner "not guilty" even in the absence of the damaging statements contained in the pre-sentence investigation. In the sodomy trial the petitioner took the stand on his own behalf. He admitted having sexual intercourse with his wife's 15-year-old daughter, but denied acts of sodomy. The only testimony concerning sodomy came from the girl herself. The pre-sentence report extra-judicially reviewed by the trial judge states that the petitioner had a criminal record dating back to 1939, that this included a conviction for indecent exposure, and, further, that a

---

[4] The transcript of the trial judge's testimony at the post-conviction hearing indicates that his memory of the event was incomplete. At that time he was not even certain whether or not he had seen the pre-sentence report involved, even though the transcript of the sodomy trial discloses that prior to making a finding of guilt, he stated, "[a]nd this pre-sentence report which I have here does not in any way go to that question."

psychiatrist had classified him as a sexual deviate. It contained, among other statements, the following:

"The two stepdaughters told detectives they had been sexually involved with their stepfather on numerous occasions involving oral sodomy, manipulation, and attempted intercourse."

Similar but far less damaging hearsay evidence was held by us to warrant a new trial in the case of *State v. Emery,* 4 Or App 527, 480 P2d 445 (1971).

*Barber v. Page,* 390 US 719, 88 S Ct 1318, 20 L Ed 2d 255 (1968), tells us that even if the pre-sentence investigation report had been introduced into evidence in the regular course of trial and this fact was therefore known to the petitioner Hurt, the consideration by the trial judge of the statements of the probation officer contained in his report would have violated the petitioner's right of confrontation under the United States Constitution. In *Barber,* the principal evidence against the defendant consisted of a reading of the transcript of the preliminary hearing testimony of a witness who was not produced at the trial. The United States Supreme Court there said:

"* * * [S]o far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly." 390 US at 725.

■ The voluntary review of the statements in the pre-sentence report by the trial judge, in the course of trial and in the absence of and without the knowledge of Hurt and his counsel, denied the petitioner his right to confrontation guaranteed by the Sixth Amendment to the Constitution of the United States and Art I, § 11, of the Oregon Constitution.

The petitioner has cross-appealed, assigning as error the failure of the post-conviction judge to rule on the matter of the photographs although requested to do so by counsel. Petitioner argued that ORS 138.640⑨ requires that the post-conviction court make factual determinations on all material issues presented. In view of the fact that we are affirming the order of the post-conviction court granting the petitioner the relief he sought we need not here consider that question.

Affirmed.

---

⑨ ORS 138.640 provides:

"After deciding the issues raised in the proceeding, the court shall deny the petition or enter an order granting the appropriate relief. The court may also make orders as provided in ORS 138.520. The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata."