Argued February 16, affirmed March 25, 1971

## STATE OF OREGON, *Respondent, v.*
## RONALD LE ROY DANIELS, *Appellant.*

482 P2d 756

*Richard Smurthwaite,* Eugene, argued the cause for appellant. With him on the brief were Husband, Johnson & Frye, Eugene.

*James L. Carney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant and Charles Leroy Seymour were jointly indicted for larceny of 16 transformers valued in excess of $75, contrary to the provisions of ORS 164.310 (1)(a).[1] At the conclusion of the state's case defendant moved for acquittal on the ground that the state had failed to prove (1) that defendant intentionally took any transformers or was a party to the taking and (2) that defendant did deprive the rightful owner of its property. The trial court overruled the motion and the jury subsequently found defendant guilty as charged.

On appeal the defendant contends that the trial court erred in denying his motion for a judgment of acquittal because the state failed to prove (1) defendant's connection with the theft of all of the stolen items; (2) that the owner of the stolen property had not consented to the taking; and (3) that the value of the stolen items was in excess of $75.

■ As to the first assignment of error, the record shows that the state produced evidence linking defendant with the theft of three of the transformers. It is not necessary, as defendant contends, for the state to prove that the defendant had stolen every item the indictment charged him with stealing. As stated in *State v. Hibberd*, 123 Or 490, 495, 262 P 950 (1928):

"\* \* \* The fact that an indictment, in its description of property, is not sustained as to all

---

[1] ORS 164.310 (1)(a) provides:

"(1) Any person who steals the property of another, or who wilfully takes, carries, leads or drives away the property of another with the intent to deprive such other of such property permanently, is guilty of larceny; and

"(a) If such property exceeds $75 in value, shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years."

articles will not be fatal if it is sustained as to enough to make out the offense charged * * *."

■ It is apparent from an examination of the record and particularly defendant's motion for acquittal, that alleged errors numbered two and three were not raised or presented during trial. In fact the record shows that defendant's trial counsel (a different attorney) in the course of his argument in support of defendant's motion for judgment of acquittal conceded that the state had proved (a) felony value and (b) lack of consent of the true owner. Questions not raised and preserved in the trial court will not be considered on appeal. *State v. Long,* 246 Or 394, 396, 425 P2d 528 (1967); *State v. Phillips,* 5 Or App 60, 481 P2d 381, Sup Ct *review denied* (1971); *State v. Paola,* 3 Or App 258, 259, 473 P2d 690 (1970).

Affirmed.