Argued March 16, affirmed April 1, 1971

STATE OF OREGON, *Respondent, v.*
HENRY BURGESS, *Appellant.*

483 P2d 101

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem. argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

## SCHWAB, C. J.

Upon trial to the court sitting without a jury defendant was convicted of illegal sale of heroin in violation of ORS 474.020. On appeal he makes two assignments of error, (1) the failure of the state to prove that the quantity of heroin involved was of such quantity and quality as to be susceptible of use as a narcotic drug, and (2) the viewing of a Federal Bureau of Investigation record of previous convictions of the defendant by the trial judge prior to the finding of guilt.

In support of his first assignment of error defendant cites cases from other jurisdictions holding that in order to convict a person of illegal possession of narcotics it must be shown that he possessed a useable quantity. Even assuming for the sake of argument that this court would hold in a proper case that the "useable quantity" standard applies in prosecutions for possession of narcotics in this state, and, even assuming for the sake of argument that the same rationale would apply to illegal sale,[1] we do not consider the question here. At the trial below, defendant did not question the fact that the quantity of heroin he sold was sufficient to support a conviction for unlawful sale of narcotics. Questions not raised and preserved in the trial court normally will not be con-

---

[1] Defendant cites no case in which the "useable quantity" standard invoked in some "possession" cases has been applied to a prosecution for unlawful sale.

sidered on appeal. See, e.g., *State v. Daniels,* 5 Or App 86, 482 P2d 756 (1971); *State v. Paola,* 3 Or App 258, 473 P2d 690 (1970). The present case does not warrant an exception to this rule.

The defendant had previously pleaded guilty to the same offense involved in this appeal. After entering a plea of guilty and being sentenced to 10 years in the penitentiary he appealed on grounds that are not relevant here. This court reversed and remanded —hence, the trial which gave rise to this appeal.

Apparently the record of previous convictions had been obtained in connection with sentencing on the plea of guilty. As the defendant states in his brief, it was inadvertently left in the trial court file which went to the judge who tried the case at hand. It had attached to it a note made by a probation officer in connection with a bail reduction request addressed to a judge who handled pre-trial matters which said in pertinent part:

"Attached is long record of def. * * *.
"* * * It was alleged that def was making sales of Heroin to Juveniles."

The defendant took the stand in his own behalf and denied selling heroin. To impeach this testimony the prosecutor asked defendant if he had ever been convicted of a crime. Defendant responded that he had been in jail, but that he had not been convicted of any big crime. Thereupon, the following colloquy took place:

"MR. PRICE: That is all the questions I have, your Honor.

"THE COURT: Did I understand the defendant to say he hadn't been convicted of a crime?

"MR. PRICE: He said a big one. I have 1, 2, 3, 4, 5, 6 flier sheets from the Federal Bureau of Investigation. I don't think there is any necessity of going through them.

"MR. DIBBLE: I think you will find they are mostly misdemeanors. No previous narcotic convictions whatsoever.

"THE COURT: Let me ask him a couple of questions. Have you ever served any time in a penitentiary?

"MR. BURGESS: No sir.

"* * *

"THE COURT: How about a county jail?

"MR. BURGESS: Yes sir, a lot of that.

"THE COURT: Never went to a big penitentiary?

"MR. BURGESS: No.

"THE COURT: Does your record dispute that statement, Mr. Price?

"MR. PRICE: No, it does not, your Honor.

"THE COURT: I see in the file here an FBI run-down of this defendant and I take it, from looking at it cursorily, that the defendant has a rather extensive criminal record involving, well, misdemeanors.

"MR. PRICE: That is correct, your Honor."

There is no indication that the trial judge even noticed the statement of the probation officer which was attached to the F.B.I. record which had been inadvertently placed in the trial court file.

■ Defendant argues that the result here must be the same as in *State v. Shirley,* 1 Or App 635, 465 P2d 743 (1970), in which we held it prejudicial error for a

trial judge, during the course of hearing a case without a jury, to seek out on his own initiative a presentence investigation and read it, in camera and without the knowledge or consent of the defendant. We also held that a somewhat similar occurrence was prejudicial error in *Hurt v. Cupp*, 5 Or App 89, 482 P2d 759 (1971). A significant distinction between the case at bar and those cases is that here the trial judge did not seek out the F.B.I. record—rather, it was inadvertently thrust upon him.[2] In such an instance, as we pointed out in *Shirley* and in *Hurt*, we presume that the judge, in the course of performing his official duty, will not consider such evidence when making his decision. This presumption controls unless it is overcome by evidence to the contrary. There was no such evidence or even such contention in this case.

Affirmed.

FORT, J., specially concurring.

In addition to the matters set forth in the court's opinion, I deem it necessary to state what is in my view an additional essential consideration.

In *State v. Shirley* and *Hurt v. Cupp*, both cited in the majority opinion, we pointed out that in determining whether error has been committed when inadmissible material comes to the attention of the court sitting as the trier of fact, a basic consideration is whether or not a defendant has been deprived of his constitutional right to confrontation.[1] In each of those cases the judgment of conviction was reversed primarily upon that ground.

---

[2] We note that the F.B.I. record was a part of the court record and as such, available to the parties at all times.

[1] U.S. Const. amend. VI; Oregon Constitution, Art I, § 11.

In this case, as the court's opinion points out, the hearsay material came to the attention of the judge in open court during the trial. Its presence, its general content and the fact the court was looking at it all were made known by the judge to defendant and his counsel during the trial. Here, too, the challenged report was contained in the official court file, which, as such, was itself available to the parties for examination throughout the trial. Defendant had the right and opportunity here to object to the court's examination of it in any appropriate manner, to examine it himself and to offer any testimony in relation to it that he wished. He did none of these things. Clearly, then, his belatedly claimed constitutional rights arising out of the right of confrontation were not only in no wise abridged here, but, if he had any basis for objection, were waived by him. Accordingly, I concur in the opinion of the court.