Argued September 27, affirmed December 9, 1971, petition for
rehearing denied January 4, petition for review
denied February 23, 1972

# STATE OF OREGON, *Respondent, v.* LARRY VERN CATE, *Appellant.*

491 P2d 627

*Monte C. McKeehen,* Certified Law Student, Eugene, argued the cause for appellant. With him on the brief were Jon A. Joseph, Supervising Attorney, and Ronald J. Jarman, Certified Law Student, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant, having waived a jury, was convicted by the court of illegal possession of narcotics. ORS 474.020. He appeals, and assigns as error denial of his motion to suppress evidence.

The evidence of the police officer alone was sufficient to establish the following:

During business hours on the morning of July 8, 1970, Oregon State Police Officer Veteto had occasion to telephone Mrs. Margaret Whitsell about certain matters unrelated to this charge. During that conversation Mrs. Whitsell asked Officer Veteto to meet her. Concerning that meeting, Officer Veteto testified:

"* * * I didn't know what she [Mrs. Whitsell] wanted to see me about. It wasn't until I met her at the parking lot at the Bi-Mart at Springfield that we talked about other matters, and then she said the reason she wanted to see me was because she found some narcotics in her house [in a room

then occupied by the defendant], and she wanted me to take it out of there."

After meeting with Mrs. Whitsell, Officer Veteto proceeded to the Whitsell home located at 3411 Marcola Road, Springfield. Upon arriving, Officer Veteto spoke with both Mr. and Mrs. Whitsell, and

"* * * Mr. Whitsell requested that I * * * take some action about getting any drugs or narcotics out of the house, and at that time I asked them if they had any objection to me looking for that type of thing in their house, and I was assured that I had their permission to go ahead in their house and go clear through it if I wanted to.

"But as it happened, I did not, and Mrs. Whitsell said she knew where the marijuana was, that she had seen it * * *.

"And so I went in the house. I had her sign a little note in my notebook."

The "little note" which Mrs. Whitsell signed read, "I hereby give my permission to Officer Cleve M. Veteto of the Oregon State Police to search my house at 3411 Marcola Road, Springfield, Oregon, for the presence of illegal drugs or narcotics." Mrs. Whitsell then led Officer Veteto to the bedroom where the defendant had stayed the previous night. Pointing to a pair of pants lying on the floor of the bedroom Mrs. Whitsell said, "There's the trousers, and you can see marijuana." As to what then occurred, Officer Veteto testified on cross-examination as follows:

"Q [Mr. Joseph] In order to identify it [the marihuana] she must have taken it out of the pocket?

"A Well, I had formed my opinion of what it was before I took it out. I could see what it was, but I did take it out, and then I put it back.

"Q How far was it? You said it was obvious to your view—

"A Yes.

"Q —from where you were standing?

"A Yes.

"* * * * *

"Q Are you indicating what? About four inches?

"A Yes. I think a baggy is three and one-half or four inches in width.

"Q All right. Now could you see the top part of the baggy, or could you—

"A Yes.

"Q Or could you actually see the marijuana . . . vegetable matter itself?

"A Yes, I could see the marijuana . . . the contents, the vegetable material.

"* * * * *

"Q It was half in and half out of the pocket?

"A Yes.

"* * * * *

"Q Where were you when you first noticed the marijuana?

"A Standing a couple of feet away directly over the trousers."

Shortly thereafter the defendant came into the Whitsell house. After he received the *Miranda*[①] warning he acknowledged to the officer that the trousers containing the baggy of marihuana were his. He was then arrested.

The evidence of the officer was also sufficient to establish that the defendant was a guest in the Whitsell home, having stayed there the previous night.

---

① Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

■ Here the owner of a private home simply observed a baggy of marihuana in plain view protruding from the pocket of a pair of trousers left by her guest in a heap upon the floor of the bedroom he was occupying. There is no contention that she did not have a right to be in the room. She notified the police, took an officer to her home and into the bedroom, pointed out the trousers and the baggy and asked the officer to remove it from her home. The baggy of marihuana was in plain view of both the officer and Mrs. Whitsell before the officer seized it. The motion was correctly denied. *State v. Jones,* 4 Or App 447, 479 P2d 1020 (1971) ; *State v. Huddleston,* 5 Or App 9, 480 P2d 454, Sup Ct *review denied* (1971).

During the trial Mrs. Whitsell was called as a witness. Because she refused to answer a question propounded on cross-examination concerning the identity of the person who had told her of the defendant's current possession of narcotics, the state, rather than to risk her being held in contempt, moved to strike all of her testimony. The court did so, and directed her to remain in attendance upon the court so that the defendant might call her, should he desire to do so. The defendant moved for a mistrial, and the motion was denied. The defendant elected not to call her as a witness, despite the fact that the court had previously made clear to him that

"* * * if you establish this witness is, in effect, hostile, you are entitled to the same, shall we say, techniques of examination as you would have on cross-examination."

Defendant also assigns as error the failure of the court to grant the mistrial.

■■ In the granting or refusing of a motion for mis-

trial, the trial court has wide discretion. Such a ruling will only be upset upon a showing of abuse thereof. *State v. Kelly,* 5 Or App 103, 482 P2d 748 (1971); *State v. James Edward Smith,* 4 Or App 261, 478 P2d 417 (1970). No such showing was here made.

■ Furthermore, a trial judge sitting as a trier of fact is presumed not to be prejudiced by irrelevant, inadmissible evidence. *State v. Voshell,* 247 Or 534, 430 P2d 1010 (1967); *Lenahan v. Leach,* 245 Or 496, 422 P2d 683 (1967); *State v. Carnathan,* 2 Or App 67, 465 P2d 899 (1970). There is no showing of prejudice here.[2] The record, absent the stricken testimony, amply supported the judgment of the trial court.

The judgment is affirmed.

---

[2] Indeed, there was already testimony from the police officer that

"* * * she knew he had used them the night before through another . . . *Her brother had told her about it."* (Emphasis supplied.)