Argued January 30, affirmed February 20, 1973

## STATE OF OREGON, *Respondent, v.* GLENN RAY JACKSON (No. 71-2820), *Appellant.*

506 P2d 539

*William H. Wiswall,* Springfield, argued the cause for appellant. With him on the briefs were Sanders, Lively & Wiswall and Fredrick Siegrist, Springfield.

*John W. Burgess,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant was indicted for first degree murder. The trial was initially to a jury, but defendant waived his right to a jury late in the trial and expressed his desire that the trial judge be the finder of fact. Defendant was found guilty by the court of voluntary manslaughter and received a five year sentence.

Defendant's appeal raises three assignments of error, all of which relate to the court's admission of testimony which the defendant contends was inadmissible. The first assignment directly challenges our recent holding in *State v. McCauley,* 8 Or App 571, 494 P2d 438, Sup Ct *review denied* (1972), which held that testimony regarding a defendant's desire to remain silent during police interrogation is admissible, where an insanity defense is raised, to show his understanding and comprehension. The second and third assignments assert that the trial court erred in admitting certain testimony which was related to the state's theory that defendant had purposely lured the victim to his home as part of a plan to kill him.

The essence of all three of the assignments is that the testimony was either irrelevant or had a prejudicial effect. If the finder of fact had been the jury such claims would have at least superficial merit. However, in this case, the finder of fact was the trial judge, and in such a case we presume that the court ignored

any inadmissible evidence unless there is a showing that the court relied upon it in making its decision. *State v. Cafarelli,* 254 Or 73, 456 P2d 999 (1969); *Lenahan v. Leach,* 245 Or 496, 422 P2d 683 (1967); *State v. Burgess,* 5 Or App 164, 483 P2d 101 (1971); *State v. Carnathan,* 2 Or App 67, 465 P2d 899 (1970). Here it is clear the trial court did not rely upon it as the challenged testimony went to premeditation and the court found the defendant guilty of manslaughter only. Other evidence in the record, independent of the challenged testimony, is more than sufficient to uphold the finding of guilty by the trial court.

Affirmed.