PER CURIAM.
The trial court adjudicated M.A. a juvenile delinquent upon finding him guilty of second degree murder. At the beginning of the adjudicatory hearing, the court denied M.A.’s motion for a separate hearing on the voluntariness of a confession. M.A. contends this was a denial of due process of law. We affirm.
The state filed a petition praying that M.A. be adjudged a juvenile delinquent because he had strangled a young companion. Due to habeas corpus proceedings in this court, the trial court had to schedule the adjudicatory hearing on very short notice.
At the commencement of the hearing, M.A. orally moved to suppress various statements he had made to the police, explaining that short notice of the hearing had prevented him from filing and noticing a written motion. The state objected to the form and timeliness of the motion.[1] The court denied the motion subject to determining the voluntariness of the statements when the state might attempt to introduce them at the hearing. After commencement of the hearing, but before he or the state had presented any evidence pertaining to the statements, M.A. moved for an eviden-tiary hearing on their voluntariness. The state objected to the duplication this would cause. The court denied the motion but agreed that as the state called its witnesses, defense counsel could voir dire each of them regarding the voluntariness of the statements.
As the hearing proceeded the court ruled the statements were voluntarily made, and admitted evidence concerning them. At the conclusion of the hearing, it found M.A. guilty of second degree murder and adjudicated him a delinquent.
M.A. now appeals contending that the trial court erred in not conducting a separate evidentiary hearing on the volun-tariness of M.A.’s statements. He relies on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), for the proposition that procedural due process requires separate determinations of the voluntariness of a confession and guilt. In Jackson the Supreme Court held that in jurisdictions where the jury determines voluntariness of confessions as well as the guilt of the accused it is prejudicial error to permit a jury to consider both issues simultaneously. The court reasoned that such an arrangement makes it practically impossible to insure that the deliberations concerning the volun-tariness of the defendant’s confession are not infected by the evidence of his guilt, particularly where a heinous, atrocious crime has been committed.
While we can see the desirability of conducting separate hearings on the voluntariness of a confession and the issue of guilt,[2] *742 we do not believe that the reasoning of Jackson is equally valid where a judge performs both functions. In holding that a judge may determine both voluntariness and guilt in a single proceeding, the Seventh Circuit Court of Appeals stated:
[T]he Court’s opinion in Jackson reveals that its holding was premised largely on its concern that lay jurors were unable to separate considerations going solely to the voluntariness of a confession from matters affecting its reliability as proof of the defendant’s guilt or innocence. However, a trial judge, unlike a juror, is trained by learning and experience to segregate evidence bearing on a confession’s voluntariness from evidence bearing on its reliability and the defendant’s culpability.
United States v. Illinois, 546 F.2d 1298, 1304 (7th Cir. 1976). Further, United States v. Illinois appears to represent the majority view. United States v. Martinez, 555 F.2d 1269 (5th Cir. 1977); In re Appeal in Maricopa County Juvenile Action No. J-84357, 118 Ariz. 284, 576 P.2d 143 (1978); People v. Fultz, 32 Ill.App.3d 317, 336 N.E.2d 288, 300-03 (1975); State v. Hutchinson, 260 Md. 227, 271 A.2d 641, 646 (1970); People v. Brown, 24 N.Y.2d 168, 299 N.Y.S.2d 190, 247 N.E.2d 153, 155 (1969); Akers v. Commonwealth, 216 Va. 40, 216 S.E.2d 28, 31 (1975); cf. State v. Jarvi, 3 Or.App. 391, 474 P.2d 363, 364 (1970); contra, United States v. Rundle, 268 F.Supp. 691 (E.D.Pa.1967), aff’d. on other grounds, 405 F.2d 1037 (3d Cir. 1969); United States v. Cavell, 254 F.Supp. 154 (M.D.Pa.1966).
As in United States v. Illinois, the courts of Florida presume that, in nonjury cases, trial judges base their verdicts on admissible evidence and disregard inadmissible evidence. United States v. Masri, 547 F.2d 932 (5th Cir.) (applying Florida law), cert. denied, Ghalayini v. United States, 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249, cert. denied, 434 U.S. 907, 98 S.Ct. 309, 54 L.Ed.2d 195 (1977); see Jalbert v. State, 95 So.2d 589 (Fla.1957).
We have examined and we reject M.A.’s other point on appeal.
AFFIRMED.
GRIMES, C. J., and SCHEB and OTT, JJ., concur.

. Florida Rule of Juvenile Procedure 8.130(b)(1) requires that motions to suppress be in writing and filed prior to the adjudicatory hearing. The trial court, however, may waive the writing requirement for good cause shown, and the filing requirement if the juvenile did not have an opportunity to file the motion before the hearing or was not aware of the grounds for the motion. As noted, the court scheduled the hearing on very short notice which prevented filing a written motion prior to the hearing.

. Holding a separate hearing, even if just prior to trial, has several advantages. First, it avoids the awkwardness of the court admitting a con *742 fession during the testimony of the first witness on voluntariness, subject to the possibility of having to strike the confession after other witnesses testify on voluntariness. Second, though it did not occur in this case, a separate hearing will assure that when the defendant wishes to testify only concerning voluntariness of his confession, there will be less confusion over whether he is submitting his testimony on the merits or simply giving evidence on volun-tariness. Needless to say, under the latter circumstances, the court must limit cross-examination to the issue of voluntariness.