Argued June 7, reversed June 20, 1956

## STATE OF OREGON *v.* GOODWIN

298 P. 2d 1024

*William D. Miller,* Salem, argued the cause and filed a brief for appellant.

*Kenneth E. Brown,* District Attorney for Marion County, Salem, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LUSK and PERRY, Justices.

### ROSSMAN, J.

This is an appeal by the defendant from a judgment of the circuit court, based upon the verdict of a jury, which found him guilty of the crime of buying and

receiving stolen property. The sole assignment of error follows:

"The court erred in not sustaining the objection to the introduction of the recorded confession in evidence for impeachment purposes."

No evidence was presented indicating that the recorded confession was voluntarily made and, therefore, it was presumably involuntary. *State v. Bouse,* 199 Or 676, 264 P2d 800. When the recording was offered in the state's case in chief as a confession it was excluded by the court upon the defendant's objections. Later, after the defendant had rested, the state was permitted, over the defendant's objections, to introduce the recording on rebuttal for the announced purpose of impeaching the defendant.

Upon oral argument before this court, the state confessed that error was committed when the defendant's objections were overruled and the confession was received. In confessing error, the state depended upon the following, which is in 35 Oregon Law Review 51 at 53:

"* * * Cases excluding coerced confessions under the due-process clause of the Fifth Amendment or Fourteenth Amendment have in the majority of instances held the evidence inadmissible for impeachment purposes as well as to directly prove guilt, and it has made no difference whether the denial sought to be contradicted by evidence of the confession illegally gained was in the defendant's direct or cross examination."

*Cross v. State,* 142 Tenn 510, 221 SW 489, 9 ALR 1354, which held that a defendant cannot be cross-examined with respect to the making of a confession for the purpose of impeachment if the confession is inadmissible because improperly obtained, is succeeded

in the above-cited volume of ALR, at page 1358, with a collation of the decisions upon the subject. The annotation states that "the great weight of authority" holds such an utterance inadmissible whether offered as a confession or as a contradictory statement. The minority takes the position that when the defendant mounts the witness stand he subjects himself to the same tests as to truthfulness and to the same rules governing cross-examination that are applicable to all other witnesses. The minority declares that when the defendant's utterance in the form of a confession is received for impeachment designs, it is not submitted to the jury for the purpose of establishing the truthfulness of the facts recounted therein, but only with the intention of impeaching the defendant's credit. A recent example of the minority view is *Killough v. State,* 94 Okl Cr 131, 231 P2d 381. As is shown in the annotation, Texas, which at one time had adopted the minority view, has abandoned it and has joined the majority. *Pierson v. State* (Tex Cr App), 168 SW2d 256, stated:

"A confession of one accused of crime which is inadmissible as original evidence cannot be used for the purpose of impeachment."

From *People v. Adams,* 1 Ill 2d 446, 115 NE2d 774, we take the following:

"Although counsel for defendant has failed to cite them in his brief, the cases of People v. Sweeney, 304 Ill. 502, 136 N. E. 687, and People v. Maggio, 324 Ill. 516, 155 N. E. 373, are directly in point on the incompetency of such cross-examination. In the Maggio case, as in the instant case, the State's Attorney announced that he would not introduce the statement signed by the accused in evidence, and then proceeded in his cross-examination to require the accused to state whether certain questions were asked of him and certain answers given, reading

them from the alleged statement, precisely as was done here. This court there held such cross-examination to be error, stating, 324 Ill. at page 528, 155 N. E. at page 378 of that opinion, 'Since the supposed confession itself was of no probative value and incompetent as evidence, it was equally incompetent to permit the introduction of a part of it indirectly by reading from the written statement and compelling the defendant to answer whether he had made those statements.' See, also, Cross v. State, 142 Tenn. 510, 221 S. W. 489, 9 A. L. R. 1354, annotation at page 1358.''

To hold that a statement, which is in fact inadmissible as a confession, is, nevertheless, admissible as a contradictory statement effectively circumvents the rules governing confessions. It permits evidence to come in through the back door which would be excluded if it attempted to enter at any other place. Rather than create an effective by-pass for the exclusionary rule, the rule itself should be abandoned.

We think that the state's confession of error was well justified. It necessarily follows that the judgment of guilt challenged by this appeal must be reversed.