Argued December 1, reversed and remanded December 15, 1965

## STATE OF OREGON *v.* SMITH
### 408 P. 2d 942

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief

was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

Defendant was convicted of the crime of assault and robbery while being armed with a dangerous weapon. He has appealed, contending that the trial court committed error in admitting, over his objection, his signed confession.

The state put on its case in chief without identifying or attempting to introduce the confession. Defendant, in presenting his case, testified he had never been at the scene of the crime and was not involved in the robbery. He also introduced testimony of an alibi.

Upon cross examination he was asked if he had not been questioned by police officers. After he admitted that he had, he was asked if he had not given them a signed statement. His attorney then objected, but the district attorney was permitted to show him a confession and ask him if it was his signature which appeared upon it. He admitted it was. The court then admitted the confession in evidence though defendant's attorney objected as follows: "I think the court should be advised of the circumstances behind it before such a statement comes in."

The confession was read to the jury. The court cautioned the jury that it was to be admitted for impeachment purposes only and was not to be considered in determining the defendant's guilt or innocence. There was no testimony prior to its admission as to whether it was coerced or voluntary.

██ If no testimony is presented indicating a confession is voluntary, it is prima facie involuntary. It is the state's duty to qualify the confession as voluntary prior to admission. *State v. Bouse,* 199 Or 676, 700, 264 P2d 800 (1953); *State v. Howard,* 102 Or 431, 452, 203 P 311 (1921).

■ A prima facie involuntary confession cannot be used for the purpose of impeachment. *State v. Goodwin,* 207 Or 642, 298 P2d 1024 (1956). Also see cases cited at 89 ALR2d 480, 481 (1963). In *State v. Goodwin,* supra, at 645, Justice ROSSMAN, speaking for the court, stated as follows:

> "To hold that a statement, which is in fact inadmissible as a confession, is, nevertheless, admissible as a contradictory statement effectively circumvents the rules governing confessions. It permits evidence to come in through the back door which would be excluded if it attempted to enter at any other place. Rather than create an effective by-pass for the exclusionary rule, the rule itself should be abandoned."

The state urges that *Walder v. United States,* 347 US 62, 74 S Ct 354, 98 L Ed 503 (1954); *Ferrari v. United States,* 244 F2d 132 (9th Cir 1957); *Jackson v. United States,* 311 F2d 686 (5th Cir 1963); *Tate v. United States,* 283 F2d 377 (DC Cir 1960); and *United States v. White,* 225 F Supp 514 (D DC 1963), are authority for the use of otherwise inadmissible evidence for impeachment purposes. The following quotation from *Walder v. United States,* supra, at 65, is called to the court's attention:

> "It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was ob-

tained to his own advantage, and provide himself with a shield against contradiction of his untruths * * * ."

The cases cited by the state are distinguishable. In *Walder,* the admitted evidence had been secured by an illegal search and seizure. In *Tate* and *White,* the admitted statements were obtained during a period of detention contrary to the *McNabb-Mallory* rule requiring that an arrested person be taken before a magistrate within a reasonable time.[1] In each of these cases there was no question of the trustworthiness of the evidence. The reason for the original exclusion of the evidence was a prophylactic attempt to prevent the authorities from violating the rights of persons accused of crime. It was not originally inadmissible because the evidence was untrustworthy.

On the other hand, the reason for not admitting in evidence an involuntary confession is that experience has demonstrated that it is of doubtful credibility. Thus, such a confession is excluded unless it is first qualified by a finding that it was given voluntarily and not secured through threats, intimidation, coercion or promises. *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). An involuntary confession is just as untrustworthy when used for impeachment purposes as when used to prove guilt. Such a confession is of no greater credibility when used to prove defendant a liar than when it is used to prove him guilty.

In *Ferrari* and *Jackson,* supra, the evidence was not originally admissible because it dealt with collateral issues. It was not admissible for impeachment

---

[1] McNabb v. United States, 318 US 332, 63 S Ct 608, 87 L Ed 819 (1942); Mallory v. United States, 354 US 449, 77 S Ct 1356, 1 L Ed 2d 1479 (1957).

purposes until the defendant testified. The two cases are not in point.

After the admission of the defendant's confession, the state produced evidence that it was voluntary. However, the court did not submit the issue of its voluntariness to the jury nor did it make any such finding itself as required by *State v. Brewton,* supra.

■ It was error to admit the confession in evidence for the purpose of impeachment or otherwise without a determination that it was voluntary. Therefore, the judgment of the trial court is reversed and the case is remanded for a new trial.