Argued December 9, affirmed December 21, 1966, petition for
rehearing denied February 14, 1967

# STATE OF OREGON v. HARRY ALFRED ROHDE

421 P. 2d 690

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant, and appellant filed a brief in propria persona.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

McALLISTER, C. J.

The defendant, Harry Rohde, was convicted by a jury in Multnomah county of assault and robbery while armed with a dangerous weapon, was sentenced to ten years in the penitentiary, and appeals.

Defendant's only assignment of error alleges that the trial court erred in allowing the state to introduce evidence of statements made by defendant to the police without first determining *in camera* that said statements were voluntary. *State v. Brewton,* 238 Or 590, 603, 395 P2d 874, 880 (1964).

Defendant concedes that on the night of the robbery he was riding about Portland in an automobile driven by his co-defendant, Nick Burt. Nick parked the car near a grocery store at 34th and Belmont Streets in Portland, went into the store and at gun point took several hundred dollars from the checker on duty at the checkout stand. Defendant did not enter the store. When Nick ran from the store he was pursued and dropped by a shot fired by the store manager. Defendant ran from the scene and soon was caught a few blocks away, lying on top of a flat-roofed private garage. Nick recovered, and plead

guilty to the indictment. Defendant as a witness admitted in substance the foregoing facts, but claimed that he was not aware that Nick had any intention of perpetrating a robbery.

■■ Defendant's assignment of error may be disposed of summarily by pointing out that defendant did not object to any of the evidence offered by the state concerning his statements, or, for that matter, to any other evidence offered by the state. In addition, defendant through his experienced trial counsel, in at least one instance, expressly waived proof by the state of the voluntariness of one of the statements.① Defendant having knowingly and deliberately waived his right in the trial court will not now be heard to complain.

■ In a supplementary brief filed *pro se,* defendant alleges that his rights were violated because "secret proceedings" were conducted in the judge's chambers "with only the officers of the court attending," while the defendant was excluded. The portion of the transcript to which the defendant refers discloses that at the outset of the cross-examination of the defendant, the district attorney had marked for identifica-

---

① Direct Examination of Officer Wold

"Q [by the District Attorney] On that night did you have occasion to speak with the defendant in this case, Harry Alfred Rohde, concerning an alleged holdup at the store on 34th and Belmont?

"A I did.

"Q Now, I would go into the rights if you want. I don't know what counsel wants—the full routine or not.

"MR. HOWLETT: [counsel for defendant] Did you talk to him?

"A Yes.

"MR. HOWLETT: Did you give him the usual routine?

"A Yes.

"MR. HOWLETT: O. K."

tion copies of four judgments, each sentencing defendant for a previously committed felony. At that point the following occurred:

"MR. HOWLETT: Your Honor, could we go over these in chambers first?

"MR. IERULLI: All right.

"THE COURT: Yes.

"MR. HOWLETT: He has the whole judgment roll there.

"THE COURT: Yes. Mr. Rohde, you may resume your seat at the counsel table. The jury may remain in position, and this won't take very long.

"(Thereupon, the Court and counsel for the respective parties held a short conference out of the presence of the jury and returned to the courtroom where the following proceedings were had:)

"THE COURT: Now, Mr. Rohde, you may resume the stand. (The witness resumed the witness stand.)

"Q (by Mr. Ierulli) Mr. Rohde, I will hand you State's Exhibit No. 11, which purports to be a judgment—

"MR. HOWLETT: Your Honor, we will stipulate to their admissibility."

The four judgments were then admitted in evidence, with another express waiver of objection by defendant's counsel. Previously, as a witness on his own behalf, defendant had testified that he had on three prior occasions served penitentiary sentences. As far as the record discloses, defendant's counsel, at his own request and for his own convenience, retired to chambers only for the purpose of checking, out of the presence of the jury, the authenticity of the documents being offered to prove defendant's prior felony convictions. There is no suggestion that anything else

was done in chambers having the slightest effect on defendant's case. No objection was made in the court below to the procedure followed. Under the circumstances we can see no possibility of any prejudice to the right of the defendant to a "fair and just hearing." *Snyder v. Massachusetts,* 291 US 97, 54 S Ct 330, 78 L Ed 674, 90 ALR 575 (1934). See the cases collected in 85 ALR2d 1115, § 5 (a). There is no merit in the assignment of error.

The judgment of the trial court is affirmed.