Argued September 11, affirmed December 6, 1967

# STATE OF OREGON, *Respondent, v.* ANN PATTERSON BEESON, *Appellant.*

### 434 P. 2d 460

Oscar D. Howlett, Portland, argued the cause and filed a brief for appellant.

Jacob B. Tanzer, Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

The defendant was convicted of manslaughter by abortion and appeals. The state's theory was that the defendant procured the abortion and, therefore, was an accessory to the abortion and liable as a principal.

The girl who was allegedly aborted testified that about a week after the abortion she was in pain, went to a hospital and was examined and treated by a Dr. Holsinger. Dr. Holsinger was called as a witness. He was asked by the state:

"Q Based upon the history and upon the—well, before we go into that, may I ask you what your findings were?

"MR. HOWLETT [attorney for defendant]:

Now, I object to his stating what his findings are until we know what he bases his findings on.

[The objection was in effect sustained.]

"* * * * *

"Q On the basis of the history and on the examination, can you describe your findings, if any, to us?

"MR. HOWLETT: Objection, Your Honor. Objection to that, to the question on the grounds and for the reason that the history can be no part of his findings insofar as it being relevant testimony to this case.

"THE COURT: Overruled.

[The witness's findings were a condition of incomplete miscarriage with a secondary pelvic infection.]

"* * * * *

"Q What information did you receive from her [in the course of taking the history]?

"MR. HOWLETT: Objection on the grounds it's hearsay.

"THE COURT: Not in this case. He can tell.

"A She stated that she was approximately two months pregnant, her last period having occurred on September 20th, 1964, and that one week prior to her entry in the hospital she had had an abortion performed by some person. She would not identify the person or where it was done."

■ Defendant assigns as error the court's overruling these two objections. The objection to the question asking the witness his findings was correctly overruled. Medical findings or opinions may be based, at least in part, upon the history given by the patient. See *Lewis v. Baker*, 243 Or 317, 326, 413 P2d 400 (1966).

▪ ■ In a like manner, the physician's testimony that his patient had told him in her history that she was

pregnant and had an abortion is admissible. *State v. Harris*, 241 Or 224, 236-242, 405 P2d 492 (1965); McCormick, Evidence (1954), 565, § 267.

While the jury was deliberating the jury sent a note to the court stating: "Did Terri Curtis positively identify Mrs. Beeson in her testimony on the stand?" The court called in the jury and told them that the court could not answer the question because it was solely the jury's duty to determine the facts. Counsel were present during this occurrence, but the defendant was not, and the defendant claims such action by the court in her absence was error.

■ The court's action was not reversible error. No objection in any form was made and the court's attention was not called to the absence of defendant. In addition, the defendant could have accomplished nothing by being present. The requirement of the statute that the defendant be present, ORS 136.040, is to prevent the defendant from being prejudiced by action taken without his presence and no prejudice occurred here. *State v. Rohde*, 245 Or 593, 597, 421 P2d 690, 692, cert den 387 US 924, 87 S Ct 2043, 18 L ed2d 981 (1967); *State v. Carcerano*, 238 Or 208, 224-226, 390 P2d 923, cert den 380 US 923, 85 S Ct 921, 13 L ed2d 807 (1965).

The defendant urges that the court erred in its instructions to the jury concerning the general rules by which to judge the credibility of witnesses. The instructions were not models and Uniform Jury Instructions 2.03 and 2.04, which were probably not promulgated at the time of trial, are preferable; nevertheless, considering the instructions as a whole, the trial court did correctly cover the subject matter.

■ The deputy district attorney trying the case called a witness to the stand, stating: "I'll call Dr. Sten-

berg as an adverse witness." Defendant's motion for a mistrial was denied. Dr. Stenberg refused to testify upon the ground that he might incriminate himself. We hold that characterizing the proposed witness as "adverse" is improper; however, the court did not abuse its discretion in denying the motion for mistrial. *State v. Meidel,* 241 Or 367, 371-372, 405 P2d 844 (1965).

■ The girl's father testified that on November eleventh he and the defendant made arrangements by telephone for the abortion and in that telephone conversation the name of Dr. Stenberg was mentioned as the person who might possibly perform the abortion. The court received, over defendant's objection, a photograph of Dr. Stenberg and records indicating that on November twelfth a long-distance telephone call was placed from the defendant's residence in Portland to Dr. Stenberg's office in Myrtle Creek, Oregon. Defendant asserts all of this was irrelevant because the person who performed the abortion was not identified and Dr. Stenberg was not otherwise connected with the matter.

We conclude that the photograph and records were relevant and admissible. Such evidence is some corroboration of other evidence that the defendant procured a male physician to perform the abortion.

Affirmed.