Argued July 26, affirmed August 25, petition for rehearing denied
October 11, petition for review denied December 12, 1972

# STATE OF OREGON, *Respondent, v.* MICHAEL JOHNSON (Nos. 75429 and 75430), *Appellant.*

500 P2d 478

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*James Susee,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Gary D. Gortmaker, District Attorney, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from two convictions in cases jointly tried, one charge rape and one armed robbery. The assignment of error is that the trial court failed to conduct an *in camera* hearing concerning the voluntariness of an oral statement, received in evidence, made by the defendant to police officers.

Defendant allegedly broke into a home where two young women were staying alone while the parents of one of them were on vacation, and with the use of force and threats raped and robbed them. The crimes occurred around 11 p.m. on December 29, 1971. From descriptions given by the women, detectives located defendant at a place where he was rooming

about a city block from the residence where the crimes occurred. He was arrested on January 1, 1972. On trial, both victims positively identified defendant as their assailant.

One of the detectives testified that defendant was informed immediately after his arrest of his rights concerning self-incrimination.[1] While defendant was being booked into jail, in answer to a question about how long he had been in town, defendant said that he had arrived by bus on December 31. Preliminary to this testimony, the *Miranda* card explaining defendant's rights, which the detective had testified was read to defendant, was marked and offered. Defense counsel at that time objected to receiving the card in evidence, saying "the defendant says the card was not read to him." The court received the card over the objection, saying that that question would be determined by the jury. No objection was made moments later to the detective's testimony concerning the exculpatory statement made by defendant about when he had arrived by bus. The same detective and another detective related in testimony other oral statements subsequently made by defendant and written exculpatory statements which he made were received in evidence.

Defendant by these various statements enmeshed himself in a hopeless web of attempted deception. Furthermore, defendant on his own initiative and at his personal request was given a polygraph examination. Before the examination was given defendant, his counsel agreeing, stipulated that the results of the polygraph examination would be received in evidence. The examination indicated defendant was being un-

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

truthful because it refuted his denials of guilt and his several exculpatory statements about the crime.

■ The only objection made to receiving any of the statements was that mentioned above, namely, the objection to the *Miranda* card. Defendant's brief on appeal interprets that objection as follows:

> "* * * What defense counsel was doing in asking for an in-camera hearing was to show the defendant's statement, if made, violated the rules set forth in Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L. Ed2d 694 (1966)."

No request was ever made for an *in camera* hearing, and we do not interpret the objection made to the card to be such a request. In view of the tactics engaged in by the defendant it appears less than probable, but nevertheless possible, that his trial strategy could have been to try to completely confuse the facts with numerous conflicting defense theories and that such strategy backfired. In any event, a request was made by the defense to have an *in camera* hearing concerning other testimony. Thus, it is apparent that defendant and his counsel were aware that *in camera* hearings were available if they requested them. No such request was made concerning the exculpatory statement, and no other objection and no motion for a mistrial were made after the statement was repeated in evidence. We will not now hear the defendant say that the trial judge should have forced an *in camera* hearing upon him, at the peril of a reversal of a conviction.

Defendant relies upon *State v. Smith,* 242 Or 223, 408 P2d 942 (1965), where a conviction was reversed because a written confession was received in evidence without the court first having an *in camera* hearing to determine if it were voluntarily given. The

report of that case indicates that defense counsel objected to the written statement:

"\* \* \* 'I think the court should be advised of the circumstances behind it *before such a statement comes in.*'" (Emphasis supplied.) 242 Or at 224.

The defendant's trial strategy there obviously was much different than that in the instant case, and the holding is not in point even though, there, the court said it was error to admit a confession in evidence "for the purpose of impeachment or otherwise without a determination that it was voluntary \* \* \*."[2]

---

[2] We have examined numerous Oregon cases seeking to determine whether the Oregon Supreme Court has addressed itself to the question of whether the defense must have objected to receiving in evidence an exculpatory or inculpatory statement, an admission against interest, or an oral or written confession in order to preserve any error involved.

In State v. Howard, 102 Or 431, 203 P 311 (1921), it was held that a confession is *prima facie* involuntary and therefore the state has the burden of showing it was voluntary before it may be received. This holding was followed in State v. Bouse, 199 Or 676, 264 P2d 800 (1953) (*overruled on a different point,* State v. Fischer, 232 Or 558, 376 P2d 418 (1962)) where the court held that different, stricter rules apply to the receipt of oral statements than do to receipt of confessions. In State of Oregon v. Goodwin, 207 Or 642, 298 P2d 1024 (1956), as in State v. Smith, discussed in text, State v. Brewton, 238 Or 590, 395 P2d 874 (1964), and State v. Atherton, 242 Or 621, 410 P2d 208 (1966), proper objection was made to the statement or confession before the trial court ruled on its admissibility. In State v. Dills; Stice, 244 Or 188, 416 P2d 651 (1966), and State v. Baker, 249 Or 549, 438 P2d 978 (1968), *in camera* hearings were held on the voluntariness of statements at the conclusion of which no objection was made to their admissibility.

In State v. Rohde, 245 Or 593, 421 P2d 690 (1966), the facts were almost in point with the case at bar—that is, no objection was made to the statements before they were received in evidence. The court said at 245 Or 594-95:

"Defendant's only assignment of error alleges that the trial court erred in allowing the state to introduce evidence of statements made by defendant to the police without first de-

██ ██ Trial courts would be well advised in every case, regardless of whether the defendant objects or makes any claim of involuntariness, to have an *in camera* hearing before any statements of defendant are received. Prosecutors should notify the trial judge in advance, out of the jury's hearing, that they propose to introduce such statements. *State v. Brewton,* 238 Or 590, 603, 395 P2d 874, 880 (1964).

Affirmed.

---

termining *in camera* that said statements were voluntary. *State v. Brewton,* 238 Or 590, 603, 395 P2d 874, 880 (1964).
"* * * * *

"Defendant's assignment of error may be disposed of summarily by pointing out that defendant did not object to any of the evidence offered by the state concerning his statements * * *. Defendant having knowingly and deliberately waived his right in the trial court will not now be heard to complain."

The objection was made in the case at bar, which we have noted in text, but it was insufficient as an objection to the exculpatory statement itself. If the defendant had a real objection to having any of the numerous statements attributed to him in evidence, he should have objected to them. Having failed in that respect, if the failure were due to neglect or inadvertence on his part, he could have moved for a mistrial after one or more of the statements had been repeated to the jury. He did not do that. He was represented by competent counsel who, the record in the case shows, understood the right to an *in camera* hearing. Hence, we conclude defendant waived his right to such a hearing and his right to object to the evidence, and he cannot now get another trial in which to try other tactics.