Argued August 23, affirmed September 28, petition for
rehearing denied October 26, petition for review
denied December 19, 1972

## STATE OF OREGON, *Respondent, v.*
## TOLLY RICARDO WILLIAMS
### (No. 71 3180), *Appellant.*

501 P2d 328

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant, convicted of assault with intent to rape, asserts on appeal that the trial judge's actions in removing him from the courtroom during his trial denied him his constitutional right to confront the witnesses against him and the opportunity to communicate with counsel.

Throughout his trial defendant chanted in a monotone voice. This chanting first occurred at a hearing on a pretrial motion on February 9, 1972, and continued whenever the defendant was in the courtroom. The chanting was not intermittent but was continuous during the time defendant was in the courtroom. The court reporter was unable to report the

precise words of the chant, but the following general description was inserted in the transcript:

"[* * * * *

"The very best record available is that the defendant constantly chanted what I understood to be one of the following three words: 'Aizhawnon' (phonetic); ' "Za good mornin" ' (phonetic); and 'Nawinnyon' (phonetic). Each of these words would be repeated in a series, and then the defendant would commence chanting another one of these words.]"

The trial judge advised defendant on February 9, when the chanting began, that the trial would begin the next morning, that it would be in defendant's best interest to cooperate with his attorney and that he could assist if he so chose. On the morning of trial the court advised defendant that if he did not desist from his conduct he would be removed from the courtroom. Defendant continued his chanting, uninterrupted by the court's statement to him. Thereafter, defendant was removed to a jury room where a closed circuit television system was set up to transmit the courtroom proceedings to him. Defendant was brought back to the courtroom a number of times. Each time he was advised that he could either cease his chanting and remain, or continue and be removed. Each time the chanting continued and defendant was removed to the jury room. By the trial court's direction video tapes were made of defendant's conduct in court and the tapes were made a part of the record on appeal. The tapes were viewed by this court in reviewing the record in the case.

The sole issue before us on appeal is whether defendant's conduct warranted the trial judge's action of excluding him from the courtroom. There is no

question as to defendant's competence to stand trial as the trial judge specifically found, after hearing expert testimony, that defendant was able to understand the proceedings against him, to assist and cooperate with his counsel, and to participate in his defense. Indeed, both psychiatrists (including defendant's own expert) testified that, in their opinions, defendant's conduct was a wilful attempt to avoid a stressful situation.

■ ■ One of the basic rights of an accused is his right to be present in the courtroom at every stage of his trial. *Illinois v. Allen,* 397 US 337, 90 S Ct 1057, 25 L Ed 2d 353, *reh denied* 398 US 915 (1970) ; *Pointer v. Texas,* 380 US 400, 85 S Ct 1065, 13 L Ed 2d 923 (1965) ; *Lewis v. United States,* 146 US 370, 13 S Ct 136, 36 L Ed 1011 (1892). This right may be lost, however, if the defendant engages in misconduct so disruptive that the trial cannot be carried on with him in the courtroom. *Illinois v. Allen,* supra. The determination as to when the misconduct has reached such an intensity must lie within the sound discretion of the trial judge since, as the *Allen* court stated:

> "* * * [T]rial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. * * *" *Illinois v. Allen,* supra, 397 US at 343.

The court in *Allen* cited three "constitutionally permissible" ways for a trial judge to handle an obstreperous defendant:

> "(1) bind and gag him, thereby keeping him present; (2) cite him for contempt;[①] (3) take him out of the courtroom until he promises to conduct him-

[①] *See* State v. Newton, 2 Or App 417, 467 P2d 978, Sup Ct *review denied* (1970).

self properly." *Illinois v. Allen,* supra, 397 US at 344.

■ In the instant case we are satisfied that the trial court properly exercised its discretion in excluding defendant from the courtroom.

■ The trial judge made every effort to safeguard defendant's right to be present. Defendant was returned to the courtroom on numerous occasions and he was advised that he could remain if he would cease his disruptive conduct. In addition the arrangement for the closed circuit television system went beyond the requirement mandated by *Illinois v. Allen,* supra.[2] We hold that the trial court's measures were appropriate under the circumstances.

Affirmed.

---

[2] The concurring opinion of Justice Brennan included the following:

"I would add only that when a defendant is excluded from his trial, the court should make reasonable efforts to enable him to communicate with his attorney and, if possible, to keep apprised of the progress of his trial. * * *" Illinois v. Allen, supra, 397 US at 351.