Argued December 17, 1973, reversed and
remanded January 21, 1974

STATE OF OREGON, *Respondent, v.* RAY
EDWARD BLACKFORD (No. C-73-05-1516 Cr.),
*Appellant.*
517 P2d 1196

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for appellant.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## SCHWAB, C. J.

Defendant advances several assignments of error, only one of which presents any serious grounds for disturbing his jury conviction for driving under the influence of liquor. ORS 483.992 (2). It is defendant's claim that the trial court failed to follow constitutionally required procedures in determining the admissibility of an admission attributed to him.

After testifying about the details of defendant's arrest, Officer Fox testified about a conversation with defendant when both of them were at the courthouse on an earlier occasion. According to Fox, defendant stated: "* * * 'I always go the hard way when I—whenever I do something like this. * * * I never do anything like this except when I'm drunk.'" Fox's testimony about this conversation was admitted into evidence over defense counsel's objection "* * * that the Brewton-type hearing has not been had on this."

In *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205 (1964), the United States Supreme Court announced constitutionally required procedures for determining the voluntariness of confessions or admissions before they could be ad-

mitted into evidence in a criminal trial. In *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964), the Oregon Supreme Court, relying on *Jackson v. Denno,* supra, adopted the so-called "Massachusetts procedure." The trial judge hears the evidence concerning voluntariness; determines whether the confession or admission is proved to be voluntary by a preponderance of the evidence,[①] admitting it into evidence if so, excluding it if not; and then instructs the jury to make its own determination of voluntariness before considering the confession or admission as evidence of guilt.

The question in this case is whether the trial court violated the requirements of *Jackson* and *Brewton.*

■ Officer Fox's testimony was that defendant's admissions were not only constitutionally voluntary, but also literally volunteered in the course of a casual conversation. While we have no reason to disbelieve the officer, the problem is that this is the only testimony about voluntariness and was given in the presence of the jury. Defendant contends he was entitled to a hearing out of the presence of the jury in order to produce contrary testimony about voluntariness. We agree.

The pronouncements of the United States Supreme Court are inconclusive on the question of whether a hearing to determine the voluntariness must be conducted outside the presence of the jury. In *Sims v. Georgia,* 385 US 538, 543-44, 87 S Ct 639, 17 L Ed 2d 593, *on remand* 223 Ga 465, 156 SE2d 65, *reversed* 389 US 404, 88 S Ct 523, 19 L Ed 2d 634 (1967), the court stated:

"* * * A constitutional rule was laid down in

---

[①] Lego v. Twomey, 404 US 477, 92 S Ct 619, 30 L Ed 2d 618 (1972).

> \* \* \* [Jackson v. Denno, supra] that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given \* \* \*."

However, in a case in which trial counsel had explicitly consented to conducting the voluntariness hearing in the presence of the jury the Supreme Court held such a procedure permissible, stating:

> "\* \* \* This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances \* \* \*." *Pinto v. Pierce,* 389 US 31, 32, 88 S Ct 192, 19 L Ed 2d 31 (1967).

Many cases from other jurisdictions are also inconclusive. *See,* Annotation, 19 L Ed 2d 1313 (1968); Annotation, 1 ALR3d 1251 (1965).

■ In Oregon, the rule is that evidence relevant to voluntariness should ordinarily be heard by the court "in the absence of the jury." *State v. Brewton,* supra, 238 Or at 603; *State v. Johnson,* 11 Or App 12, 17, 500 P2d 478, Sup Ct *review denied* (1972). The only exception recognized in Oregon cases is that voluntariness hearings can be heard in the presence of the jury in the absence of any objection from the defendant. *State v. Rohde,* 245 Or 593, 421 P2d 690, *cert denied* 387 US 924 (1966); *State v. Johnson,* supra. This is consistent with the United States Supreme Court's brief analysis in *Pinto v. Pierce,* supra.

■ The remaining question concerns the proper disposition of this case. In both *Jackson v. Denno,* supra, and *State v. Brewton,* supra, the courts held that the error committed did not warrant a new trial; instead, in both cases the appellate disposition was to remand

for the required hearing on voluntariness. We adopt the same disposition of this case.

The judgment of conviction is reversed and this case is remanded for an in camera hearing on whether defendant's statements to Officer Fox were voluntary. If the court finds that defendant's statements were voluntary, it shall make an appropriate finding and enter a new judgment of conviction based on said finding and the verdict heretofore returned by the jury. If the court finds that defendant's statements were not voluntary, it shall make an appropriate finding and enter an order allowing the state a reasonable time in which to elect whether to re-try the defendant.

Reversed and remanded for further proceedings consistent with this opinion.