Argued and submitted October 22, 1979, reversed and remanded with
instructions February 11, reconsideration denied March 13,
petition for review denied March 25, 1980 (289 Or 1)

STATE OF OREGON,
*Respondent,*

*v.*

BILLY GENE JOHNS,
*Appellant.*

(No. 18-441, CA 14031)

606 P2d 640

Michael J. McElligott, Hillsboro, argued the cause and filed the brief for appellant.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals his conviction by a jury verdict of assault in the fourth degree, ORS 163.160. The victim of the assault was the defendant's ten year old son. The assault was alleged to have occurred on Saturday, June 10, 1978. Defendant gave notice of the defense of justification, *i.e.,* that he used reasonable physical force for parental discipline. Defendant makes four assignments of error: (1) the court erred in denying discovery of the contents of a Children's Services Division file; (2) the court erred in ruling prior inconsistent statements of a defense witness could be used in argument as substantive evidence; (3) the court erred in admitting a photograph of the victim; and (4) the court erred in denying defendant's motion for mistrial.

On Monday, June 12, 1978, a deputy sheriff was called to a grade school where the victim was a student to investigate a report that the victim had bruises on his face. The deputy sheriff photographed the child, who had bruises on his back, arm and face. The child testified that on Saturday, June 10, 1978, his father had become angry at him because of a shoplifting incident, threw him on the couch and hit him on the head, back and shoulders. The child testified that he had bruises on his back, shoulder and arms but not on his face.

The colloquy between the court and both counsel indicate a similar assault occurred on Sunday, June 11, 1978. Defendant, in his brief, states that he was separately indicted for an assault on June 11, 1978. There is no evidence in the record other than the statements of counsel that an assault occurred on June 11 or that defendant was indicted for such assault, but it appears the parties were scrupulously avoiding any references to injuries the victim possibly sustained on Sunday, June 11. Certain of the claims of error can only be understood by accepting the premise that the victim had injuries from an assault on June 11.

The defendant did not testify. His wife, the mother of the victim, was called as a witness by the state and by the defendant. She was not a witness to the assault. She testified on behalf of defendant that they had substantial discipline problems with the victim. She stated that he lied and that he was involved in numerous shoplifting offenses and two incidents of arson. She testified that they had tried many avenues of discipline and that she had consulted a Children's Services Division caseworker regarding their children generally. On cross-examination by the state she denied having told the caseworker that her husband's discipline of the victim was too severe or that she had discussed disciplining of the victim at all. The caseworker was called as a rebuttal witness and contradicted the defendant's wife's testimony.

The first claim of error relates to the caseworker's file. Just prior to the time the caseworker was called to the witness stand she talked to defendant's attorney and told him what she would testify to concerning her conversation with defendant's wife. Defendant's counsel asked to see the caseworker's file. He contended that he should be allowed to use the file for cross-examination.

In an offer of proof, the witness testified that she had an independent recollection of the conversation with defendant's wife and the contents of the conversation. She stated that she had made notes in the file regarding the conversation but the notes were not necessary to refresh her memory. Defendant's counsel stated:

> "I asked to get earlier, the Juvenile file and I would still like to look at her Children's Services files to see whether there is some information in there that doesn't correlate with what she is testifying to that she might be impeached about."

The witness stated that the file was in her office a short distance from the courthouse. Defendant's counsel requested that the file be obtained so he could look at it.

The court ruled that the file was confidential by law and defendant had not shown that there was a reason to believe the file contained beneficial or exculpatory material. The court then said that unless there was shown some basis for reviewing the file the request would be denied. Defendant's counsel replied he had nothing further.

Defendant argues that he should have been allowed to review the caseworker's file on any of three theories: under ORS 135.805 to 135.873; under *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963); or under *State v. Foster*, 242 Or 101, 407 P2d 901 (1965).

Under the first theory, defendant argues that the witness's file notes regarding the conversation are subject to discovery under ORS 135.815:

> "Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:
>
> "(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.
> "* * * * *."

The notes made by the caseworker in her file would be a statement of a witness under ORS 135.815. In *State v. Bray*, 31 Or App 47, 569 P2d 688 (1977), we held the fragmentary notes of a police officer from which he wrote his crime report were not statements of a witness covered by the statute. We said the statements included were those intended by the maker to be an account of the event or a declaration of fact. The caseworker testified she had made the notes concerning the conversation she had with defendant's wife shortly after the conversation occurred. Based upon the record before us, we conclude the notes made by the caseworker are written statements of a witness. ORS 135.815.

[425]

Disclosure of a witness's written statement is required only if it is in the possession or control of the district attorney. The Children's Services Division file with the notes were not in the possession of the district attorney; it was in the caseworker's office. In *State v. Johnson*, 26 Or App 651, 554 P2d 624, *rev den* (1976), we held a witness's statement in possession of the police was subject to the discovery requirements of the statute because the police are considered part of the prosecution for purposes of the discovery statute. Although the Children's Services Division is not generally part of the prosecution in cases involving child abuse, that agency serves an investigative function similar to a police agency. ORS 418.740 to 418.775. Children's Services Division is required to cause an investigation to be made of a child abuse complaint and to provide information regarding child abuse complaints to local law enforcement agencies. ORS 418.760. Under ORS 418.770 the records and reports compiled under the provisions of ORS 418.750 to 418.762 are confidential and not to be disclosed to the public. The state having offered the testimony of a witness cannot claim the written notes concerning information about which the witness testified are protected from disclosure by the cloak of confidentiality.

We conclude the notes made by the caseworker respecting the conversation she had with defendant's wife are written statements of a witness and are in control of the district attorney. Defendant is entitled to discovery of those notes. Defendant's request was for the entire file in order that he could inspect it to determine if the notes were inconsistent with the caseworker's testimony. While the notes are discoverable, the statutory confidentiality extends to the balance of the file.

In the context of the colloquy between court and both counsel, it is clear that defendant was requesting to have the witness's notes about the conversation for the purposes of cross-examination. Although it was

error to deny defendant an opportunity to see the notes, the error does not necessarily require reversal. Failure to follow the discovery statute requires reversal only if defendant was prejudiced by the lack of disclosure. *State v. King*, 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978). We cannot say on this record whether defendant was prejudiced in the presentation of his defense by the lack of disclosure.

The judgment of conviction is reversed and the case is remanded for the court to examine the caseworker's file *in camera* to determine if it contains notes of the conversation testified to and if the notes contain material inconsistencies with the witness's testimony. If the court determines the notes are inconsistent to a degree that they could reasonably be considered impeachment of the testimony and that the defendant was prejudiced in not having the notes for cross-examination the court shall make an appropriate finding and enter an order allowing a new trial. If the court finds defendant was not prejudiced it shall enter a new judgment of conviction. *E.g., State v. Blackford.* 16 Or App 217, 517 P2d 1196 (1974).

Defendant's other claims of error which we discuss do not require reversal. In the second assignment, defendant claims the court erred in ruling that the impeaching testimony of the state's two rebuttal witnesses, regarding prior inconsistent statements of defendant's wife, could be used in argument as substantive evidence. Defendant has not pointed out in the state's argument any use of the prior inconsistent statements as substantive evidence. Assuming that the court's ruling was in error, there is no indication that the prosecutor argued the evidence was substantive proof of a fact in issue. Defendant has shown no harm from the claimed error.

The third and fourth claims of error raise essentially the same issue. The third assignment involved the admission of a photograph of the victim. Defendant objected on the grounds that it depicted a bruise on the

[427]

child's face. The fourth assignment relates to the testimony of the deputy sheriff who commenced the investigation. He testified that when he first observed the child at the grade school he had several bruises on his face and that his reason for going to the school was to see if there were more bruises on the child's body. Defendant moved for a mistrial, which was denied. He argues that the photograph and the deputy's testimony would indicate to the jury that the victim received other injuries. He contends the jury would speculate that the child received another beating from defendant and this would erode his defenses of justification.

In admitting the photograph the court observed:

"THE COURT: But I think that I am going to receive number five, with this limitation, that in argument to the Jury, if any reference is made to number five, that it will be only to call attention to the marks on the arm and shoulder, because of the coloration, a person would have a hard time saying what it is on the face other than maybe a dirty shadow or something and I think the Jury will have no way of knowing there was anything on the side of the face, unless it is brought to their attention and I am saying nobody had better do that.

"So, five will be received. Even the tenor of the picture is such that it draws attention to the arm because he is holding it out and I think with that kind of a situation, the defense won't be prejudiced."

The court did not err in admitting the photograph.

The statement of the investigating officer that he went to the child's grade school and observed bruises on the child's face was relevant to explain the officer's involvement in the case and the basis of his investigation. His investigation disclosed bruises on other parts of the child's body. The court did not abuse its discretion in denying the motion for mistrial.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded with instructions.