Argued and submitted May 30, reversed and remanded
for new trial August 4, reconsideration denied September 11,
petition for review allowed December 9, 1980

STATE OF OREGON,
*Respondent,*
*v.*
RICHARD SCOTT HARRIS,
*Appellant.*

(No. C 79-07-32437, CA 16552)

614 P2d 628

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue is whether it was error to continue defendant's burglary trial in his absence. We hold that it was.

Defendant's trial began on Thursday, September 27, 1979 and continued through Friday, September 28. It was set over from Friday afternoon to resume Monday morning, October 1. When court convened on Monday morning, defendant's absence was noted on the record. Various efforts were made to contact defendant that day and the following day. All were unsuccessful. On Wednesday, October 3, the trial court ordered the trial to resume without defendant being present over defense counsel's objection that he could not "conceive of the jury not drawing an unfavorable inference from the Defendant's absence."

Upon resuming the trial, the court did instruct the jury: "You are not to draw any inference from [defendant's] absence." Two defense witnesses then testified, the attorneys made closing arguments, the court instructed the jury, the jury retired and returned with a guilty verdict — all in defendant's absence.

Defendant relies in part upon ORS 136.040, which provides:

> "If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if he appears by his counsel; but if it is for a felony, he shall appear in person."

In what is perhaps a sign of the times, after brief mention of this statute, defendant argues at length about the meaning of the Due Process Clause. The state responds with an argument based on decisions from other states construing statutes that, the state contends, are similar to ORS 136.040.

■   The application of ORS 136.040 does not require resort to constitutional law or out-of-state authority. ORS 136.040 has been repeatedly and emphatically held to require the presence of felony defendants

[531]

during their trials. *State v. Cole,* 286 Or 411, 595 P2d 466 (1979); *State v. Carcerano,* 238 Or 208, 390 P2d 923 (1964); *State v. Chandler et al,* 128 Or 204, 274 P 303 (1929); *State v. Moore et al,* 124 Or 61, 262 P 859 (1928); *State v. Holloway,* 57 Or 162, 110 P 397, 110 P 791 (1910); *State v. Cartright,* 10 Or 193 (1882); *State of Oregon v. Spores,* 4 Or 198 (1871). Indeed, this statutory right has been called "fundamental and well established in criminal procedure" and "a sacred and inalienable right." *State v. Chandler et al, supra,* 128 Or at 208.

■ A few cases have found the nonpresence of a defendant in violation of ORS 136.040 to be nonprejudicial. *State v. Beeson,* 248 Or 411, 434 P2d 460 (1967); *State v. Rohde,* 245 Or 593, 421 P2d 690 (1967); *State v. Savan,* 148 Or 423, 36 P2d 594, 96 ALR 497 (1934). All involved a defendant's nonpresence during relatively inconsequential events: in *Beeson,* the court's answer to a question from the jury; in *Rohde,* a conference in chambers between the court and counsel; in *Savan,* the discharge of a prospective juror. By contrast, we fail to see how the actual conduct of a trial in a defendant's absence, including the taking of testimony and arguments and instructions to the jury, could be other than prejudicial. *See, State of Oregon v. Spores, supra.*

■■ The statutory right created by ORS 136.040, like any right, can be waived. *State v. Waymire,* 52 Or 281, 97 P 46, 132 AS 699, 21 Lns 56 (1908). A defendant who "voluntarily absents himself" waives his ORS 136.040 right. *State v. Waymire, supra,* 52 Or at 288. In some cases a defendant's voluntary absence and thus waiver will be obvious. A defendant might literally refuse to come into the courtroom, as happened in *State v. Serrell,* 11 Or App 324, 501 P2d 1324 (1972), *aff'd* 265 Or 216, 507 P2d 1405 (1973). A defendant might engage in such disruptive behavior in the courtroom as to be tantamount to a voluntary departure, as happened in *State v. Williams,* 11 Or App 227, 501 P2d 328 (1972).

[532]

This case, however, illustrates how it can be impossible to make a *contemporaneous* determination that a defendant is voluntarily absent. When trial was scheduled to resume on Monday, October 1, and when it actually did resume on Wednesday, October 3, the trial court simply had no information about the reason for defendant's absence. For all the court then knew, defendant could have been injured or become ill or even have been kidnapped. When the trial was nevertheless ordered resumed, there was no basis *at that time* for a finding that defendant was voluntarily absent.

■ That brings us to the only novel aspect of this case: Before defendant was sentenced on his burglary conviction, he was charged with first degree failure to appear. ORS 162.205. At the time of the burglary sentencing, defendant changed his plea on the failure-to-appear charge from not guilty to guilty. In the course of the trial court's inquiry about the factual basis of the plea, *see* ORS 135.395, defendant stated he had purposely absented himself from his burglary trial. The question thus becomes: Can there be a retroactive waiver of the ORS 136.040 right to be present?

In the context of the right of a defendant in a felony case to be present throughout the trial, we have previously expressed skepticism about whether "an *ex post facto* waiver of this right" would be "permitted at all." *State v. Shirley,* 1 Or App 635, 643, 465 P2d 743 (1970). We now conclude that we will not recognize such an after-the-fact waiver. When the issue arises of whether to begin or continue a felony trial despite the defendant's absence, what is needed is some way to ascertain *then* whether the trial can validly proceed. It would be a colossal waste to the judicial system to conduct a trial in the defendant's absence only to learn later he was absent because he suffered a heart attack on the eve of trial. We see no way to mitigate this waste.

[533]

■     On the other hand, it would admittedly also be potentially wasteful to the judicial system to postpone indefinitely or to abort a trial because of a defendant's absence. But we think this is the lesser evil, largely because there are alternative ways of containing it. A defendant who purposely fails to appear for trial is subject to the court's contempt power and is liable for prosecution for failure to appear, ORS 162.205, a Class C felony. We conclude that employment of these sanctions is preferable to conducting a felony trial *in absentia* unless there is a contemporaneous waiver of the defendant's statutory right to be present.

Reversed and remanded for new trial.