Argued and submitted December 21, 1984, affirmed June 5, reconsideration denied July 26, petition for review denied September 17, 1985 (300 Or 64)

STATE ex rel WILSON,
*Respondent,*

*v.*

THOMAS,
*Appellant.*

(DA 275553-8404; CA A31392)

700 P2d 1045

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for appellant.

Thomas A. Lerner, Public Defender's Office, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for contempt for refusing to obey a court order to produce records of the Portland Police Bureau's Internal Investigations Division. He is a lieutenant in the Portland Police Bureau and custodian of the division's records. We affirm.

The city had charged relator in the district court with loitering to solicit prostitution, a violation of the Portland city code. Relator filed a complaint of misconduct against the arresting officer. The division investigated the complaint and obtained a statement from the arresting officer relating to the circumstances of the arrest. The district attorney prosecuted the criminal case against relator on behalf of the city and intended to call the arresting officer as a witness in the trial. Relator sought discovery of the statement of the arresting officer. ORS 135.815(1). Defendant refused to obey the court's order to produce the statement for its *in camera* inspection. The court held defendant in contempt and fined him $300. *See* ORS 33.010(1)(e) and 33.020.

ORS 135.815(1) provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state *[sic]* of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

Defendant does not contend that the officer's statement to the division is not a "relevant written or recorded statement or memorandum of any oral statement" of a witness. He argues that the division file is not within the "possession or control" of the district attorney and that "ORS 135.815(1) does not mandate the disclosure of the record of the statement of a police officer made in the investigation of a charge of misconduct against the officer."[1] He asserts that the

---

[1] The cases suggest that a police or district attorney contemnor in a criminal proceeding may challenge his contempt on the merits of the court's order, although a contemnor in another context may not have that option. *Compare State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970), *with State ex rel Mix v. Newland,* 277 Or 191, 200, 560 P2d 255 (1977).

statement is an internal administrative police document, civil in nature and limited to use by the division without the police chief's express authorization permitting other police access. On the other hand, relator contends that there is a "direct agency relationship" between the division and the prosecutor because

"[t]he Internal Investigations Division responds to the direct authority of the Chief of Police who in turn is responsible to the city. The city was the prosecuting authority in relator's case * * *."

In *State v. Johnson,* 26 Or App 651, 554 P2d 624, *rev den* (1976), the state appealed from a pretrial order that prohibited a prosecution witness from testifying because the police had destroyed the handwritten report of the witness. The report was destroyed before the prosecutor physically possessed it. The state argued that the report was not within the "possession or control" of the prosecutor and, therefore, not subject to disclosure under ORS 135.815. We rejected the state's position.

"We hold that statements or memoranda of witnesses are subject to the disclosure requirements of ORS 135.815 regardless of whether they ever actually came within the possession of the prosecutor himself. We so hold because we are of the opinion * * * that the police are properly considered a part of the prosecution for the purposes of this requirement." 26 Or App at 655.

In *State v. Johns,* 44 Or App 421, 606 P2d 640, *rev den* 289 Or 1 (1980), we held that, for purposes of ORS 135.815(1), the prosecutor controlled, although he did not possess, the file of a CSD caseworker.

"Disclosure of a witness's written statement is required only if it is in the possession or control of the district attorney. The Children's Services Division file with the notes were not in the possession of the district attorney; it was in the caseworker's office. In *State v. Johnson,* 26 Or App 651, 554 P2d 624, *rev den* (1976), we held a witness's statement in possession of the police was subject to the discovery requirements of the statute because the police are considered part of the prosecution for purposes of the discovery statute. Although the Children's Services Division is not generally part of the prosecution in cases involving child abuse, that agency serves an investigative function similar to a police agency. ORS 418.740 to 418.775. Children's Services Division

is required to cause an investigation to be made of a child abuse complaint and to provide information regarding child abuse complaints to local law enforcement agencies. ORS 418.760. Under ORS 418.770 the records and reports compiled under the provisions of ORS 418.750 to 418.762 are confidential and not to be disclosed to the public. The state having offered the testimony of a witness cannot claim the written notes concerning information about which the witness testified are protected from disclosure by the cloak of confidentiality.

"We conclude the notes made by the caseworker respecting the conversation she had with defendant's wife are written statements of a witness and are in control of the district attorney. Defendant is entitled to discovery of those notes." 44 Or App at 426.

The division is part of the Portland Police Bureau, which possesses and controls its records. It is not material that the division's records are called "civil." They are police records, and the police are an arm of the prosecution for the purposes of the discovery statute. The chief of police may authorize access to the division's records to others outside the division. The arresting officer's statement was within the prosecutor's "control," even if it was not in his physical possession. *See State v. Johnson, supra.*[2] Moreover it is not material that the division may tell the arresting officer that his statement will be confidential. *See State v. Johns, supra.* There is no claim here that the statement was not relevant to the criminal case against relator.[3] We hold that the record of the division of the arresting officer's statement is within the control of the prosecutor and is subject to discovery under ORS 135.815(1).

Defendant also asserts that the prospect of disclosure

---

[2] Defendant relies on *State v. McKeen,* 33 Or App 343, 576 P2d 804 (1978). In that case the defendant was tried by the state for disorderly conduct and resisting arrest. He brought a civil action for assault against the police. A police officer gave a statement to the city attorney, who was not the prosecutor, in connection with the defendant's action. The defendant sought discovery of that statement in his criminal trial, relying on ORS 135.815. We held that the statement was not discoverable, "because it was taken by civil authority in connection with the civil damage suit" and, therefore, was not within the district attorney's possession or control. 33 Or App at 348.

[3] The court could determine if a statement is not relevant in its *in camera* examination.

of such evidence will have a chilling effect on the division's investigation's process. Whatever merit the legislature might find in this contention, the record of defendant's statement is discoverable under ORS 135.815(1).

Affirmed.